Commonwealth ex rel. Home for the Jewish Aged
*v.* Kotzker, Appellant.

522

Argued October 3, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Maurice Freedman*, with him *Herbert H. Hadra* and *Robert H. Arronson*, for appellant.

*Herbert A. Fogel*, with him *Leon J. Obermayer*, and *Edmonds, Obermayer & Rebmann*, for appellee.

OPINION BY ROSS, J., November 16, 1955:

This is an appeal by a son from an order requiring him to contribute ten dollars a week toward the support of his parents who are living in and being cared for by the Home for the Jewish Aged in Philadelphia.

In 1948, the parents, Jacob and Mollie Kotzker, were admitted to the Home and have been there ever since, notwithstanding the fact that they have three adult children, two sons and a daughter. During this time, the Home has expended for the support of these two parents $10,600.00 more than it received from social security payments and a five hundred dollar cash payment made by the parents to the Home upon their admission in 1948. Currently, the cost of keeping them runs $260. a month, while the monthly social security payments amount to only $94.20, the difference being made up by the Home from charitable contributions received by it. The family has never contributed toward this expense. The Pennsylvania Department of Public Assistance has indicated that it will contribute toward their support, but only after the Home has established the obligation of the children, the exact amount which the State will give depending upon the contributions of the children. Consequently, the Home filed a petition in the court below to compel Julius Kotzker, defendant-appellant, to contribute toward the support of his parents under the provisions of the Act of June 24, 1937, P. L. 2045, Sec. 3, as amended by the Act of May 23, 1945, P. L. 864, Sec. 1 et seq., 62 P.S. Pocket Suppl., sec. 1973.[1]

---

[1] "(A) The husband, wife, child, father and mother of every indigent person, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides, shall order or direct."

No answer was filed to the petition and a hearing was held below on the sole question of the amount of the support, the hearing being very brief (11 printed pages), after which the court entered an order of ten dollars a week. Defendant then appealed.

Before us the appellant raises not only the question of the reasonableness of the amount, but three other questions as well. He claims that his parents are not indigent, that the Home is alone contractually bound to support them, and that the Home is not a proper party to bring this support action.

Since no question was raised below concerning the alleged contract of support and the record is completely barren of any such evidence, we could not pass upon it were we so inclined. Accordingly that point is dismissed. Nor did the appellant make any objection to the Home as a moving party prior to this appeal, consequently, this too could be summarily dismissed. *Grisbord v. Philadelphia,* 148 Pa. Superior Ct. 91, 96, 24 A. 2d 646. In passing through, we might say that this contention is without merit. The Act specifically provides: "(B) The courts shall have power to hear, determine and make orders and decrees in such cases upon the petition of such indigent person, or *of any other person* or any public body or public agency *having any interest in the care, maintenance or assistance* of such indigent person." (italics supplied) Certainly the Home has an interest in the care and maintenance of the elderly Kotzkers for it is the Home which is providing them with their required shelter, sustenance and care. The Act merely requires that the petitioner have "any" interest. Providing as it does the entire support of these people, the Home comes well within this requirement of interest. And while it is not an individual, it is a person within the contemplation of the Act; the legislature most certainly intend-

ing, in view of the multitude of corporate charitable institutions of this nature, that such fictitious bodies have the same standing to petition in these matters as individuals. Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, Sec. 52(1) and 52(5), 46 P.S. 552(1), (5).

On the question of the indigency of the parents, appellant complains that the court below made no specific findings as such and that the record would not support such a finding if made. The Act of course requires that the person to be supported be indigent. Reading the opinion of the court below, it becomes eminently clear that since this point was not raised by Julius at or prior to the hearing and order, the court relied upon this tacit admission and concerned itself only with the question of amount. Moreover, the record shows factually that the parents are indigent within the contemplation of the Act. "Indigent" is not defined in the Act, but it is specifically provided that such person need not be a public charge, indicating therefore that such "indigent" need not be "helpless and in extreme want; so completely destitute of property as to require assistance from the public" as contended by appellant. By "indigent" persons is meant those who have not sufficient means to pay for their care and maintenance themselves. *State Hospital v. Lycoming County,* 239 Pa. 402, 406, 86 A. 879. "Indigent" therefore includes but is not limited to those who are completely destitute and helpless. It encompasses also those persons who have some limited means, as the $94.20 social security payment here, but whose means are not sufficient to adequately provide for their maintenance and support. Admittedly, the social security payments are far from adequate in the circumstances here presented. The appellant cannot invoke the generosity of the Government and the charity of the com-

munity to escape that which is one of his primary responsibilities under the Act.

His final contention is that the amount of the order is excessive. Undeniably, the need for the assistance in the support of these people exists. In his opening discussion of this issue, appellant states accurately that the amount is a matter of discretion with the lower court and that this court will not interfere unless an abuse of discretion is shown. He then states "appellant does not allege such an abuse of discretion, but does contend that the lower court in fixing the amount of the order, was clearly inconsistent". He therefore has answered his own assertion, for he does not show in what way this alleged inconsistency was an abuse of discretion. It appears from the record that the appellant has a net pay of $4619.94 a year, or $384.99 a month. He testified concerning numerous expenses which he incurs each month, the sum total of which completely exhausts each pay. He has only himself and his wife to support. The lower court concluded that he could safely maintain his station in life and still contribute ten dollars per week toward the support of his parents. We find nothing in the record to indicate otherwise. His purported expenditures for food, house repairs, toiletries and clothing particularly appear to be inflated beyond the recurring monthly needs of a man and wife living on the monthly earnings of this man. Accordingly, we find no abuse of discretion by the lower court in fixing the amount at ten dollars a week.

Order affirmed.