## Commonwealth v. Romberger

*Ronald J. Hagarman*, for petitioner.

*D. E. Teeter*, for Commonwealth.

SHEELY, P. J., July 22, 1961.—The petition for support in this case raises a novel question: Can a person petition the court for an order directing herself to contribute to the support of an indigent parent?

Petitioner, an only child, is perfectly willing to contribute to the support of her father to the extent of her ability, and there is no dispute between her and her father. The situation arises by reason of the fact that the Department of Public Assistance will not contribute to his support unless the daughter contributes the amount determined by it according to a fixed formula or until the obligation of the daughter is established by a court order, the exact amount which the State will give depending upon her contribution. The daughter contends that, because of her own personal situation, she cannot contribute the amount determined by the State's formula. The real purpose of the petition, then, is to determine the amount which the daughter should contribute rather than to compel her to contribute.

At the hearing, of which the Department of Public Assistance had notice and which was attended by representatives of the department, we questioned our authority to enter an order under these circumstances and requested counsel for petitioner to file a brief. Upon consideration of his argument and of The Support Law of June 24, 1937, P. L. 2045, 62 PS §1971, we are satisfied that we do have authority and that an order should be entered.

In Commonwealth ex rel. Home for the Jewish Aged v. Kotzker, 179 Pa. Superior Ct. 521 (1955), the Superior Court had before it the question of who could file a petition under The Support Law. Subsection (b) of section 3 of the act reads:

"The courts shall have power to hear, determine and make orders and decrees in such cases upon the petition of such indigent person, *or of any other person,* or any public body or public agency *having any interest in the care, maintenance or assistance* of such indigent person." (Italics supplied.)

While the specific question before us was not before the Superior Court, that court indicated that the statute should have a broad construction to accomplish its purpose and emphasized the fact that "The Act merely requires that the petitioner have 'any' interest" (p. 524) in the care and maintenance or assistance of such indigent person. Petitioner here would clearly come within this classification.

As a practical matter, it is necessary that an order should be entered. The father is entitled to, and needs, assistance. The formula for contributions by relatives for support prescribed by the Department of Public Assistance is necessarily based on general experience and cannot be applied equitably to all situations, the department relying upon court procedures to determine the proper contribution where there is any contest. While the father, who is 81 years of age, could have

filed the present petition himself, we can well understand his reluctance to do so.

An order will be entered.