## SHAPIRO, WELFARE COMMISSIONER OF CONNECTICUT *v.* DOE

No. 805.   Decided January 26, 1970

*Robert K. Killian,* Attorney General of Connecticut, and *Francis J. MacGregor,* Assistant Attorney General, for appellant.

*Lee A. Albert* for appellee.

PER CURIAM.

The motion of the appellee for leave to proceed *in forma pauperis* is granted.   The motion to dismiss is also granted and the appeal is dismissed for failure to docket the case within the time prescribed by Rule 13.

MR. JUSTICE BLACK, with whom MR. JUSTICE DOUGLAS joins, dissenting.

In this case a three-judge United States District Court invalidated a Connecticut state welfare regulation requiring the mother of an illegitimate child to reveal the name of the child's father as a precondition to receiving welfare assistance on the ground that the regulation imposed an additional condition of welfare eligibility not required or authorized by the Social Security Act, 49 Stat. 620, as amended, 42 U. S. C. §§ 601–610 (1964 ed. and Supp. IV).   The case comes to this Court on direct appeal taken by Connecticut welfare officials pursuant to the authorization in 28 U. S. C. § 1253.   There can be no doubt about the fact that this appeal presents a federal question which should be decided here and that

this Court has jurisdiction over the appeal since appellee's statutory claim was initially joined with a constitutional attack upon the Connecticut regulation. *Florida Lime Growers* v. *Jacobsen,* 362 U. S. 73 (1960). Yet, the Court today dismisses this appeal on the ground that it was not timely docketed in accordance with Rule 13 (1) of the Rules of the United States Supreme Court. Rule 13 (1) provides that in cases appealed pursuant to 28 U. S. C. § 1253 the time limit for docketing the appeal shall be 60 days from the filing of the notice of the appeal. In this case the notice of appeal was properly filed pursuant to 28 U. S. C. § 2101 (b) on September 2, 1969. The 60-day time limit thus expired on November 1, 1969, but appellants did not docket the appeal until November 3, 1969, two days later, one of which was a Sunday. It is because of this minor and essentially technical infraction of its own Rules that the Court today dismisses this important appeal. I cannot agree with such a result. Time defects such as this one involving only a failure to comply with the Rules of this Court do not rise to jurisdictional proportions and can be waived by the Court when the interests of justice so require. *Taglianetti* v. *United States,* 394 U. S. 316, n. 1 (1969). Given the importance of the issue in this case and the harmless, undoubtedly inadvertent nature of appellant's error, this case seems to me an altogether appropriate one for the waiver of Rule 13 (1). The Court hardly puts its best foot forward when it dismisses so substantial an appeal on so technical a ground. I would waive the time defect, note probable jurisdiction, and consider the issue presented in this appeal on the merits.