**Mrs. Jane DOE, Individually and on behalf of her minor dependent child, Scott, and in behalf of all others similarly situated**

v.

**John HARDER, Acting Commissioner of Connecticut State Welfare Department.**

**Civ. No. 13093.**

United States District Court,
D. Connecticut.

March 4, 1970.

Appeal Dismissed June 22, 1970.
See 90 S.Ct. 2202.

Clarie, J., dissented.

Nicholas J. Cimmino, Waterbury Legal Aid & Reference Service, Inc., Waterbury, Conn., and David Lesser, Legal Aid Bureau, New Haven, Conn. (William H. Clendenen, Jr., New Haven Legal Assistance Assn., and Allen Sims, Legal Aid Bureau, New Haven, Conn., of counsel) for plaintiff.

Francis J. MacGregor, Asst.Atty.Gen. of Connecticut, Hartford, Conn., for defendant.

Before SMITH, Circuit Judge, and BLUMENFELD and CLARIE, District Judges.

## MEMORANDUM OF DECISION ON MOTION TO HOLD IN CONTEMPT

### PER CURIAM.

By the decision in Doe v. Shapiro, 302 F.Supp. 761 (D.Conn.1969), appeal dismissed, 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677, rehearing denied, 397 U.S. 970, 90 S.Ct. 991, 25 L.Ed.2d 264 (March 2, 1970), this court enjoined the refusal of Aid to Families with Dependent Children under a Connecticut State Welfare Department regulation providing termination of payments to an illegitimate child if the mother refused to name the child's father. The regulations were then amended to provide termination of payments to the mother rather than the child in such cases. Three members of the class of plaintiff, having had assistance terminated under the regulation, intervene and seek a contempt judgment against the acting State Welfare Commissioner for violation of the injunction. There appears to be no dispute on the facts. The movants are qualified under the laws and regulations except for the amended regulation of November 3, 1969. Vol. I, Chapter III §§ 3460.22, 3460.23 and P–3460.1. This regulation, while in form directed at the mother rather than the child, has the same vice as the original. It reduces the assistance to the family by creating an additional eligibility requirement identical to that held invalid and not .authorized by the federal statute. This is a violation of the injunction. Compare, McComb v. Jacksonville Paper Co., 336 U.S. 187, 69 S.Ct. 497, 93 L.Ed. 599 (1949). This requirement of the regulation is invalid.

Defendant Harder is therefore in contempt of the injunction issued by this court. He may purge himself by restoring within 30 days from the date hereof to the intervening plaintiffs, and any others similarly situated, the assitance denied under the invalid regulation. The question of appropriate sanction if defendant does not purge himself of contempt is continued for 30 days.

CLARIE, J., dissents in a separate opinion.

CLARIE, District Judge (dissenting).

I respectfully dissent for the same reasons set forth in my original dissenting opinion in Doe v. Shapiro, 302 F.Supp. 761 (D.Conn.1969), appeal dismissed, 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677, rehearing denied, 397 U.S. 970, 90 S.Ct. 991, 25 L.Ed.2d 264 (March 2, 1970).