Mary **WOODS,** individually and on behalf of her minor niece, Patricia Jones, and on behalf of all others similarly situated, Plaintiffs,

v.

Stanley A. **MILLER,** Secretary of Welfare of the Commonwealth of Pennsylvania, Edward Kalberer, Executive Director of the Allegheny County Board of Assistance, Pennsylvania, Pennsylvania Department of Public Welfare, Defendants.

Civ. A. No. 70–780.

United States District Court,
W. D. Pennsylvania.

Sept. 23, 1970.

Tom M. Lytton, Neighborhood Legal Services, Pittsburgh, Pa., for plaintiffs.

Jacques H. Fox, Asst. Atty. Gen., Harrisburg, Pa., William H. Eckert, Special Asst. Atty. Gen., Pittsburgh, Pa., for defendants.

Before STALEY, Circuit Judge, and GOURLEY and WEIS, District Judges.

## OPINION

STALEY, Circuit Judge.

This is a class action attacking the validity of two regulations of the Pennsylvania Department of Public Welfare. These regulations provide for termination of welfare payments to recipients who refuse to initiate court action against the relatives obligated to support them under the Pennsylvania Support Law, 62 Purdon's Pa.Stat.Ann. § 1973.

The action was brought by Mary Woods individually and as next friend of her niece, Patricia Jones, as representatives of that class of persons who are "needy" and "dependent" within the meaning of the Aid to Families with Dependent Children ("AFDC") sections of the Social Security Act, 42 U.S.C. §§ 601–610, but who are ineligible for AFDC assistance under the challenged regulations. Plaintiffs sought preliminary and permanent injunctive relief and a declaratory judgment pursuant to 42 U.S.C. § 1983. Plaintiffs also sought, and were granted, a temporary restraining order to restrain enforcement of the regulations against Mary Woods until an adjudication was rendered in these proceedings. Because the constitutional questions presented were not insubstantial, a three-judge statutory court was convened pursuant to 28 U.S.C. § 2284, jurisdiction being based on 28 U.S.C. § 1343(3) and (4).

Under the Federal Aid to Families with Dependent Children program, 42 U.S.C. § 601 et seq., the states administer a jointly financed system of assistance to eligible family units. The Federal Government furnishes 50% to 85% of the monies used for these programs. Pennsylvania, like every other state in the union, participates in the program by complying with the Act's condition that funds be administered under a "state plan" which meets Federal requirements. 42 U.S.C. § 602. The "state plan" consists of all relevant state laws, regulations and rules that formulate Pennsylvania welfare policy and includes the regulations at issue in the instant case. These regulations are set forth in 3237.14 and 3237.15 of the Public Assistance Manual ("PA Manual") of the Pennsylvania Department of Public Welfare.[1] They require that an indi-

1. "3237.14 *Support from LRR Found Able to Contribute*

"When it has been determined that an LRR is, under the Department's standards financially able to provide support, the client, as a condition of eligibility, is expected to arrange with the LRR for the amount of the expected contribution. If the expected contribution from the relative is secured, it becomes income available to the client.

"If the total amount of the expected contribution is not secured and the County Office does not exercise its discretion to waive court action, the client must, within ninety days from the date of the decision that the LRR is expected to contribute, initiate court action for support from the relative if he wishes to remain eligible.

"If the person decides to take court action, assistance is continued until the court makes a decision. In such circumstances, any amount that the LRR is actually contributing is considered income available to the client.

gent person file suit against any relative who is legally required to provide support to the indigent under the Pennsylvania Support Law, 62 Purdon's Pa. Stat.Ann. § 1973, in order to receive AFDC assistance. Those relatives include the parents, spouse, or children of the indigent.[2] Procedurally, if the Department of Public Welfare determines that one of these relatives is financially able to contribute support to the indigent, the amount of that contribution becomes income available to the indigent.[3] If this income is not volunteered by the relative, the indigent recipient of AFDC assistance is required to sue that legally responsible relative. If the recipient refuses to sue, assistance is discontinued for that recipient.[4]

In the instant case, Mary Woods and her niece, 15-year-old Patricia Jones, were receiving a monthly assistance payment of $202. In February 1970, Mary Woods was informed that she would have to sue her 24-year-old daughter, Ruth Woods, in order to continue to be eligible for public assistance. Ruth Woods resides in Washington, D. C., and is employed there as a secretary with the U.S.I.A. at a salary of approximately $510 per month, or approximately $344.- 00 after deductions. The Pennsylvania Department of Public Welfare, after requesting and receiving information on the financial resources and whereabouts of Ruth Woods, determined that she could contribute to the support of Mary Woods, her mother. Ruth Woods told the Department that she could not afford to do so. The Department then asked Mary Woods to sue her daughter. Mary refused and asked for an administrative hearing, which was held on May 22, 1970. No reductions or waivers were allowed by the Department and because of her refusal to sue her daughter, Mary

"If the person refuses to take court action, assistance is discontinued for those members of the assistance unit for whom the relative is legally responsible."
"3237.15 *Court Action*
"Court action is an eligibility requirement for assistance under the conditions specified in 3237.11, 3237.13 and 3237.14. It also is the recourse client has when he is not satisfied with the Department's findings on the amount of support expected from his LRR.

"The client is expected to take responsibility for initiating court action for support. However, when legal action for support is required of the client but taking it would be a hardship, the County Office may bring the action providing (1) the client wants it to do so, and (2) the County Board approves the action, and (3) the costs will not be placed on the Department."
The initials "LRR" stand for "legally responsible relative."

2. The statute provides in pertinent part:
"(a) The husband, wife, child, (except as hereinafter provided), father and mother of every indigent person, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides shall order or direct. * * *
"(b) The courts shall have power to hear, determine and make orders and decrees in such cases upon the petition of such indigent person or of any other person or any public body or public agency having any interest in the care, maintenance or assistance of such indigent person."

3. Defendants concede that the recipient does not actually have "money in hand" which a relative has contributed and that it is not necessary that such money ever be received from the relative.

4. All that is required is that the recipient swear to and sign a complaint to institute an action for enforcement of the relative's legal duty to contribute to the support of the recipient. The Commonwealth has standing to bring the action in its own right if it so desires. 62 Purdon's Pa.Stat.Ann. § 1973(b) (see note 2, supra). The circumstances under which it can do so are set forth in 62 Purdon's Pa.Stat.Ann. § 2043.8, and the procedure for commencing such actions is given in 62 Purdon's Pa.Stat. Ann. § 2043.35(b).
The Commonwealth has advised the court that it has never brought suit to force a relative to contribute support to an indigent.

Woods was declared ineligible for public assistance and was terminated. This reduced the assistance payments to Mary Woods and Patricia Jones to $136 per month, which is the one-person grant to Patricia.

At the outset, it should be noted that this case does not involve a single individual living alone and receiving welfare assistance other than AFDC aid. A crucial element of this case is that the plaintiffs are receiving assistance as a family unit under the Aid to Families with Dependent Children program.

Plaintiffs allege that the regulations in question are invalid in that they (1) are in conflict with the Social Security Act of 1935 ("Act"), (2) are violative of the Equal Protection Clause of the Fourteenth Amendment, and (3) are violative of the penumbral constitutional rights of privacy and preservation of family integrity. Since it will be unnecessary to reach the constitutional issues presented by the case if the challenged regulations are in conflict with the Act, we will first consider the statutory issue.

Plaintiffs argue that these regulations contravene the Social Security Act by purporting to establish a condition of eligibility for full, continued assistance which is unrelated to the determination of "need" and "dependence." They contend that since "need" and "dependence" are the only two conditions of eligibility for AFDC aid, the imposition of additional eligibility requirements by a state is a violation of the Act's requirement that aid shall be promptly furnished to all eligible individuals. 42 U.S.C. § 602 (a) (10). Defendants respond that their regulations do not purport to create an eligibility requirement other than "need"

or "dependence." They argue that the regulations only go to a determination of the existence of need, which is purely a state function under the Act. See King v. Smith, 392 U.S. 309, 318, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). Since a state has the prerogative to determine need, the Commonwealth of Pennsylvania reasons that it may consider those resources which it deems to be relevant as determinants of need, including the existence of an obligation of a financially able relative to support an applicant for assistance. Thus, having determined that a relative exists who is legally obligated and financially able to contribute support to a recipient of AFDC assistance, the theoretical amount [5] of that contribution is treated as income available to the recipient for purposes of determining the "need" of the recipient.

◼ We think that the defendants' argument is not to the point at issue. Their regulations provide that court action is an eligibility requirement for assistance, PA Manual 3237.15, and that if the person refuses to take court action, assistance is discontinued for those members of the assistance unit for whom the relative is legally responsible, PA Manual 3237.14. It is this assistance unit, however, that is the essential element of the AFDC program, 42 U.S.C. § 601. These regulations affect the entire family unit, including the children in the household, and penalize the whole unit by reducing assistance to that unit. As a result, individuals in the unit who are needy and dependent and thus otherwise eligible for assistance are denied it by the imposition of an additional requirement for eligibility. The primary obligation of the AFDC program is to provide assistance to the family unit to encourage the care of dependent children in their

---

5. The amount is theoretical because only a court can fix the relative's obligation

in terms of money. The Commonwealth anticipates the action by the court; how-

own homes or in the homes of relatives.[6] This obligation is not met if an otherwise eligible child is deprived of AFDC funds because of parental misconduct. In Cooper v. Laupheimer, 316 F.Supp. 264 (E.D.Pa., Apr. 16, 1970), a three-judge court struck down a Pennsylvania regulation that provided for suspension of AFDC assistance or a reduction of the amount of assistance to families that had received duplicate or extra payments either by virtue of fraud or mistake. The court recognized the state's right to recover funds which the mother had no right to receive but held that it could not do so by reducing current assistance to the otherwise eligible child.

In Doe v. Shapiro, 302 F.Supp. 761 (D.Conn., 1969), appeal dismissed 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677 (1970), a three-judge court held invalid a Connecticut regulation which provided for termination of AFDC welfare payments to illegitimate children whose mothers refused to disclose the identity of the father. The court held that the state's regulation imposed an additional condition of eligibility not required by the Act. In a sequel to *Shapiro*, the same court, in Doe v. Harder, 310 F. Supp. 302 (D.Conn., 1970), held that the state's attempt to amend the regulation at issue in *Shapiro* by providing for termination of payments to the mother rather than the child was likewise invalid. "This regulation, while in form directed at the mother rather than the child, has the same vice as the original. It reduces the assistance to the family by creating an additional eligibility requirement identical to that held invalid and not authorized by the federal statute." 310 F.Supp. at 303.

We hold that the instant regulations have that same vice. Assistance is reduced to the unit by imposing the requirement of initiating court action when the Commonwealth deems it necessary. This is described by the regulations as a requirement of eligibility for assistance. Such a requirement contravenes the Social Security Act requirement that aid be furnished promptly to all eligible individuals and is therefore invalid.

Accordingly, it is ordered that defendants be enjoined from denying or discontinuing AFDC assistance to plaintiffs on the ground that they are barred from receiving such assistance under 3237.14 or 3237.15 of the regulations of the Pennsylvania Department of Public Welfare. The parties will submit a proposed order in accordance with the terms of this opinion.

WEIS, District Judge (concurring).

The primary duty for the support of an indigent parent rests upon the financially responsible children, not the state. The obligation is as old as the family itself and in Pennsylvania has been incorporated into statutory law.

The regulations of the Pennsylvania Department of Public Assistance which require recipients who are parents to take the relatively simple and uncomplicated step of filing a civil suit for support from their children are not unreasonable or arbitrary. They appear consistent with the professed intent of the Pennsylvania Public Welfare Law, inter alia, " * * * to encourage self-respect, self-dependency and the desire to

ever, there is no guarantee that a court will agree with the Commonwealth's figure or that it will require any contribution at all.

6. The AFDC Program was created:
"for the purpose of encouraging the care of dependent children in their own homes or in the homes of relatives by enabling each State to furnish financial

assistance and rehabilitation and other services, as far as practicable under the conditions in such State, to needy dependent children and the parents or relatives with whom they are living to help maintain and strengthen family life and to help such parents or relatives to attain or retain capability for the maximum self-support and personal independence * * *." 42 U.S.C. § 601.

be a good citizen and useful to society."[1] Support also appears in the Code of Federal Regulations [2] which provides that if a state agency holds relatives responsible for the support of applicants that the state plan shall establish and carry out policies with reference to applicants' and recipients' potential sources of income which can be developed to a state of availability.

The difficulty in this case arises because the penalty for non-compliance with the regulations, that is, a reduction in the total amount payable to the family unit—falls not only upon the reluctant mother but also upon the minor niece who is in no sense responsible for the infraction. Another significant factor is that the state has available to it an alternative remedy which would exact the same measure of responsibility from the uncooperative daughter and thus comply with the state's obligation to the taxpayers who ultimately pay what the daughter should, but will not. With an annual income of approximately $6,100.00 and apparently with no dependents other than her mother, the daughter should be required to explain her failure to fulfill her filial duties.

As the majority opinion indicates, it is clear that the state is empowered to prosecute the claim against the daughter by a suit filed either in its own name or in the name of the Department of Public Assistance.[3]

While the Department of Public Assistance has a legitimate interest in securing whatever benefit may be obtained by having the parent institute the litigation, the sanction for refusal must yield to the realities of the greater need of the niece toward whose welfare the provisions of the Aid For Families Of Dependent Children are primarily directed.

In reality, it is not the requirement for a support suit which is in conflict with the federal law but rather the means for enforcing compliance. I do not agree with the contention of the plaintiffs that the imposition of the obligation to file suit against a legally responsible relative is an unlawful addition to the test of eligibility, but instead find it perfectly consistent with the federal statute.[4]

By upholding the legality of the support litigation requirement but channeling enforcement of the rule into an area consistent with the primary purpose of the AFDC, we are observing the respect due the state regulations in harmony with the Supreme Court's recent decision of Dandrige v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491. To this extent, I concur with the result in this case.

---

1. 62 P.S. § 401.

2. 45 C.F.R. § 233.20(a) (3) (vi) (a), (ix).

3. For a case in which a private institution was successful in such a proceeding under somewhat similar circumstances as here present, see Commonwealth Ex Rel. Home for the Jewish Aged v. Kotzker, 179 Pa.Super. 521, 118 A.2d 271.

