**Elizabeth TAYLOR et al., Plaintiffs,**

**v.**

**Robert MARTIN et al., Defendants.**

**Civ. No. C–69 666.**

United States District Court,
N. D. California.

June 24, 1971.

Peter E. Sitkin, Ralph Santiago Abascal, Vivian D. Wilson, Sidney M. Wolinsky of San Francisco Neighborhood Legal Assistance Foundation, San Francisco, Cal., for plaintiffs.

Elizabeth Palmer, Deputy Atty. Gen., State of Cal., San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER GRANTING PRELIMINARY INJUNCTION

Before HAMLIN, Circuit Judge, and WEIGEL and PECKHAM, District Judges.

PER CURIAM.

I

This is a class action for declaratory and injunctive relief and damages under the Civil Rights Act, 42 U.S.C. § 1983. The plaintiffs are mothers of minor children receiving benefits under the Aid to Families With Dependent Children (AFDC) program. Plaintiffs sue individually and on behalf of their minor dependent children, and also on behalf of all others similarly situated.[1] Jurisdiction was invoked pursuant to 28 U.S.C. §§ 2201, 1343(3), 1343(4), 1331.

The challenge in this action is to a provision of the California Welfare and Institutions Code and its implementing regulations which require the remaining parent of a child receiving AFDC funds to sign a criminal non-support complaint against the absent parent if requested to do so by local law enforcement personnel.[2] Plaintiffs—who are AFDC recipients whose grants have been denied, reduced, or terminated for refusal to sign the criminal complaints—attack the statute on the grounds of its repugnancy to the equal protection clause of the federal constitution, and to the Social Security Act, 42 U.S.C. § 602(a)(10), and the regulations of the Department of Health, Education and Welfare (HEW) promulgated thereunder. More specifically, plaintiffs argue that the California scheme denies them the equal protection of the laws because it is unrelated to the purpose of the AFDC program and is thus without rational basis; because it produces a classification

---

1. For purposes of this Order, which grants injunctive relief only, the class shall be defined as all AFDC recipients in California whose grants have been or are being denied, reduced, or terminated for refusal to sign criminal non-support complaints, as prescribed by the statute under attack herein. A class action is appropriate in these limited circumstances since the Social Security Act requires statewide uniformity, and the central issue herein is one of law which will not vary from case to case. The Court notes that plaintiffs also seek damages. Should they desire to pursue their damage claims as a class, they will have to satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, which will not be a simple task.

2. The provision is section 11477, subsection (b):

§ 11477. Refusal of parent to cooperate with law enforcement officers. Any child, who is otherwise qualified to receive a grant or payments of aid under this chapter by reason of the continued absence of one of such child's parents from the home and who is residing with, or is in the custody or control of the other parent, shall be disqualified from receiving such grant or payments for so long as the parent, who has such custody and control or with whom such child resides, refuses law enforcement officers charged with the duty or right of enforcing the obligation of such absent parent for the care, support and maintenance of such child under and by virtue of the penal laws of the State of California, reasonable assistance in the enforcement of such obligation.

Any one or more of the following acts by the parent having custody of the child shall be demed to be a refusal to offer reasonable assistance to law enforcement officers:

\*     \*     \*     \*     \*

(b) A refusal to sign a complaint against the absent parent.

\*     \*     \*     \*     \*

which denied AFDC aid to one group of needy children simply because a parent refuses to sign a criminal complaint; and because it produces a further classification which unjustifiably infringes upon the marital privacy of certain families. Plaintiffs also maintain that the state statute is infirm because it creates an eligibility requirement not authorized by, and in conflict with the Social Security Act, Part A, Subchapter IV, 42 U.S.C. §§ 601–610.

Since the statute was challenged *inter alia* on constitutional grounds of a not insubstantial nature, and since the remedy sought was an injunction against the enforcement of the statute, this three-judge court was convened. 28 U.S.C. §§ 2281, 2284. Temporary injunctive relief was granted pending the determination herein. We conclude that the state statute is invalid since it is inconsistent with the federal enactment, and thus do not reach the constitutional questions presented.

## II

State programs to distribute AFDC benefits must conform to the requirements set forth in the relevant portions of the Social Security Act. There is no question that the federal government "may impose the terms and conditions upon which its money allotments to the States shall be disbursed", King v. Smith, 392 U.S. 309, 333, fn. 34, 88 S.Ct. 2128, 2141, 20 L.Ed.2d 1118 (1968), subject, of course, to constitutional limitations. At 42 U.S.C. § 602, the Act provides that

(a) A State plan for aid and services to needy families with children must * * *

(10) provide * * * that aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals * * *.

The section further recites that the State plan must

(11) * * * provide for prompt notice to appropriate law-enforce-

ment officials of the furnishing of aid to families with dependent children in respect of a child who has been deserted or abandoned by a parent * * *.

This subsection—§ 602(a) (11)—set up the so-called "NOLEO" requirement (Notice to Law Enforcement Officials). Its purpose, as correctly pointed out in Doe v. Shapiro, 302 F.Supp. 761 (three-judge court; D.Conn.1969), was to secure support from deserting fathers. In the 1967 amendments to the Social Security Act, this purpose was furthered by new provisions requiring that State plans must

[at 42 U.S.C. § 602(a) (17)] provide —

(A) for the development and implementation of a program under which the State agency will undertake—

(i) in the case of a child born out of wedlock who is receiving aid to families with dependent children, to establish the paternity of such child and secure support for him, and

(ii) in the case of any child receiving such aid who has been deserted or abandoned by his parent, to secure support for such child from such parent * * *.

Of this amendment, the Senate Finance Committee reported:

A substantial proportion of the persons receiving aid under the AFDC program are eligible because of the desertion by a parent of the child. Several provisions are already in the law and more are proposed under the bill to provide additional tools to States and to impose further obligations on them to assure the determination of legal responsibility for support and to make efforts to make these collections. The committee believes it is essential to make certain that all legally responsible parents of sufficient means make their appropriate contribution to the support of their children.

Senate Report No. 744, as reprinted in 1967 U.S. Code Congressional and Administrative News, pp. 2834, 2997.

■ As these sections—42 U.S.C. §§ 602(a) (10), and (17)—indicate, the states are charged with the furnishing of aid to all eligible individuals with reasonable promptness while at the same time the states must diligently attempt to secure support from deserting parents. Section 11477 of the Cal.W. & Inst.Code—the section under attack herein—is one of the means by which California has sought to discharge this latter responsibility. One alleged infirmity in this section is that in providing for the termination of AFDC benefits to an otherwise qualified recipient as punishment for the parent's refusal to sign the criminal complaint, the section effectively establishes an eligibility requirement in addition to those specified in the Social Security Act. As such, the section is allegedly inconsistent with the Act and therefore invalid, since Congress did not intend to allow the states to narrow the class of "eligible individuals" and since any state attempts to do so by imposing additional eligibility requirements interferes impermissibly with the mandate of 42 U.S.C. § 602(a) (10).

### III

■ We think plaintiffs' position is well founded, and is amply supported by the developing case law. The basic consideration which molds our inquiry was stated by the Supreme Court: "Congress has determined that * * *

protection of [dependent] children is the paramount goal of AFDC". King v. Smith, 392 U.S. at 325, 88 S.Ct. at 2137; see Damico v. State, of California, three-judge court; (N.D.Cal.1969). When the AFDC provisions of the Social Security Act are viewed in this light, any state regulation which cuts off aid to children on the basis of conduct of the parent must bear a heavy burden of justification. In King v. Smith, *supra*, the Supreme Court concluded that Alabama's "substitute father" regulation—which defined "parent" in 42 U.S.C. § 606(a) as including any man who cohabited with the mother of otherwise eligible children—was fatally inconsistent with the AFDC provisions. While Alabama was free to deal with the problems of immorality and illegitimacy by several different methods under the Social Security Act, it was not free to do so by a method which inflicted with the purposes of the Act.[3] 392 U.S. at 326–327, 88 S.Ct. 2128.

In King v. Smith, the Supreme Court also construed § 602(a) (10) in conjunction with the definition of "dependent child" in 42 U.S.C. § 606(a),[4] concluding that the Act requires "participating States to furnish aid to families with children who have a parent absent from the home, if such families are in other respects eligible." King v. Smith, 392 U.S. at 317, 88 S.Ct. at 2133.

The most fully-reasoned of the pertinent lower federal court cases, Doe v. Shapiro, held a regulation of the Connecticut Welfare Department invalid as inconsent with the congressional direc-

---

3. The Supreme Court subsequently relied heavily on King v. Smith in Lewis v. Martin, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970). The *Lewis* decision held a California statute and regulations invalid as repugnant to an HEW regulation (45 C.F.R. § 203.1), the state provisions setting up a conclusive presumption that needs of would-be AFDC children are reduced by the income of a stepfather or MARS (man assuming role of spouse).

4. 42 U.S.C. § 606(a):
   The term "dependent child" means a needy child (1) who has been deprived

of parental support or care by reason of the death, continued absence from the home, or physical or mental incapacity of a parent * * *.
HEW Handbook of Public Assistance Administration, Part IV, § 3120 defines a child as "needy" if he "does not have the income and resources sufficient to assure economic security" when measured against standards of need established by the individual states. See Doe v. Shapiro, 302 F.Supp. 761, 764 (three-judge court; D. Conn.1969).

tive in 42 U.S.C. § 602(a) (9) (now subsection (a) (10) ) that AFDC assistance be promptly furnished to all eligible individuals. 302 F.Supp. at 767–768. The regulation provided for the termination of AFDC payments to illegitimate children in those cases where the mother would not disclose the identity of the father. Taking full account of the 1967 NOLEO amendments, the three-judge *Doe* court reasoned that Congress has imposed only two eligibility requirements—"need" and "dependence"— and that the state regulation, in providing for termination of payments for failure to comply with its terms, effectively established an additional eligibility requirement which thus interfered with AFDC assistance. See also Cooper v. Laupheimer, 316 F.Supp. 264 (three-judge court; E.D.Pa.1970) (state regulations compelling reduction of current AFDC grants to exact restitution of alleged duplicate payments held invalid as inconsistent with AFDC provisions of Social Security ACT); Damico v. State of California, *supra*, and Doe v. Hursh, 328 F.Supp. 1360 (D.Minn.1970) (state regulations setting up irrebuttable presumption that absence of a parent is not

"continued absence" within the meaning of 42 U.S.C. § 606(a) until three months have elapsed are invalid as inconsistent with AFDC provisions).

Given this case law, it is clear to this court that the statute under attack herein—Cal. W. and Inst. Code, § 11477(b)—is invalid. While it is true that Congress has placed upon the states the duty to adequately secure support from deserting parents, nonetheless the states are not free to withdraw or refuse AFDC grants to otherwise eligible individuals as part of a scheme of fulfillment of that duty. That is, since aid to the dependent, needy child is the paramount goal of AFDC, King v. Smith, *supra*, the state cannot frustrate that goal in the name of a subservient goal.[5] It is crystal clear that this is what the statute herein does; when it terminates aid upon the mother's refusal to sign a criminal complaint against the absent spouse, the statute may be admirably adapted to securing support from the absent spouse, but it is nonetheless invalid since it significantly interferes with the main thrust of AFDC, aid to the child.[6]

5. The recent decision of the Supreme Court in Wyman v. James, 400 U.S. 309, 91 S. Ct. 381, 27 L.Ed.2d 408 (1971), does not require a different result. While the *Wyman* Court did hold that AFDC benefits could be denied children whose mothers refused to comply with a state statute and regulations and admit welfare workers into their homes for interviews, the challenge to the state enactments in that case was primarily based on the Fourth Amendment of the United States Constitution, rather than the Social Security Act.

It is not clear from the *Wyman* opinion the extent to which the court considered the possibility that the state requirement was an "additional eligibility requirement" that might conflict with the Act. Had the Court viewed the requirement as being inconsistent with the Act, however, it almost surely would have chosen to avoid the constitutional question. *See* Doe v. Shapiro, 302 F.Supp. 761, 770 (Clarie, J., dissenting).

Assuming, therefore, that Wyman v. James stands for the proposition that, in some cases, at least, termination of AFDC

benefits to children is permitted because of their parents' noncompliance with the state law, this is not one of those cases. The Court found in *Wyman* that the state's requirement of home interviews implemented important congressional and state policies and was necessary to the effective administration of the AFDC program. The state regulation in *Wyman* thus did meet the heavy burden of justification placed upon such regulations by King v. Smith, *supra*. Here, however, the state has no great need to require parents to file criminal complaints for non-support against one another, as footnote six, *supra*, demonstrates. Nor is there any indication that this requirement is necessary for effective administration of the program. Indeed, HEW, the federal agency chosen by Congress to oversee the AFDC program, recommends against such a requirement, and its recommendation is entitled to great weight. *See* Red Lion Broadcasting Co. v. FCC, 395 U.S. 367, 89 S.Ct. 1794, 23 L.Ed.2d 371 (1969).

6. Moreover, it is of interest to note that the remaining parent's signature on the

We do not feel it necessary to engage in semantic struggle in order to characterize § 11477(b) as an "additional eligibility requirement". It is true that the statute operates to terminate benefits rather than to prevent their inception. From a realistic viewpoint, however, we perceive little difference between conditions on initial eligibility and on continued eligibility: the central consideration is that AFDC aid is being denied to those who meet the only criteria— "need" and "dependence"—which Congress has established for eligibility. In Doe v. Harder, 310 F.Supp. 302, 303 (D. Conn.1969) (contempt proceeding based on the same court's decision in Doe v. Shapiro) the court simply and correctly stated that regulations which terminate payments (whether in form to the mother or child) in fact create additional eligibility requirements and are therefore invalid. Moreover, the Supreme Court in King v. Smith had no difficulty invalidating the "substitute father" regulation even though on the facts of that case the regulation functioned to terminate payments. 392 U.S. at 315, 88 S. Ct. 2128, 20 L.Ed.2d 1118.

Defendants argue that the relevant HEW regulations do not proscribe the termination of AFDC benefits in the case of the uncooperative mother. Strictly speaking, this is irrelevant, even if true, since such a termination violates the Social Security Act itself. Meeting the contention, however, we note that defendants cite § 8149 of the HEW Handbook of Public Assistance Administration which merely *advises* against legislation which conditions the receipt of AFDC benefits upon the commencement of a support action by the mother against the deserting father. It is ob-

vious that this provision does not expressly prohibit the states from enacting such legislation. The reason for this, however, is that HEW has no authority to direct state welfare legislation. If HEW believes a state welfare plan is inconsistent with HEW or congressional directives, its only sanction is to cut off all federal welfare funds to the state. See generally, Silver and Efroymson, Suggested Attacks on the NOLEO requirement—Part I, at p. 16, Clearinghouse Review, May 1970. Moreover, and most convincingly, § 8120 of Part IV of the Handbook expressly states that the *original NOLEO provision* (42 U.S.C. § 602(a) (10) ) "does not impose an additional eligibility requirement". The court in Doe v. Shapiro concluded:

> There is nothing in the legislative history [of the 1967 amendments] to show that Congress has repudiated the position taken in the earlier HEW regulations [§ 8120], and the new regulations give absolutely no indication that HEW has construed 42 U.S.C. § 602(a) (17) (A) (i) [part of the amendments] to create an additional eligibility requirement. This is highly significant, of course, because the construction of a statute by those charged with administering it is entitled to great weight. [citations omitted]. 302 F.Supp. at 766, 777.

Thus the fact that the HEW Handbook does not expressly proscribe the California procedure under attack herein is easily explainable, as outlined above, and moreover, the Handbook's reading of the Social Security Act in fact strongly supports the conclusion of this court that the state statute and regulations are invalid.[7]

criminal complaint is not essential to the institution of the criminal action. The District Attorney himself can proceed by way of complaint verified on information and belief. Cal.Penal Code, § 740.

7. The final HEW regulations on NOLEO, effective February 27, 1971, demonstrate the consistency of the agency's interpretation and further reinforce this court's conclusion. 45 CFR § 235.70(a):

The appropriate law enforcement officials will be notified in writing promptly as soon as AFDC has been furnished in respect to a child who is believed to have been deserted or abandoned by a parent. This requirement has no effect upon the determination of eligibility. It is a requirement upon the agency, and is fulfilled * * * after a family has been found eligible and been granted assistance * * *.

That the states share with the federal government the responsibility for executing the AFDC program is a proposition which we of course accept and do not intend to impair with this decision. More particularly, we remain cognizant of the broad latitude of the states in allocating their AFDC resources through their power to establish a "standard of need" and to decide what "level of benefits" will be paid. King v. Smith, 392 U.S. at 318–319, 88 S.Ct. 2128; Rosado v. Wyman, 397 U.S. 397, 408 90 S.Ct. 1207, 25 L.Ed.2d 442 (1969); Dandridge v. Williams, 397 U.S. 471, 478, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1969). Decision in the instant case is nonetheless clear: § 11477(b) of the Cal. W. & Inst. Code is invalid because it erects an unauthorized barrier to AFDC eligibility and thus conflicts with the AFDC provisions of the Social Security Act.

Accordingly, it is ordered that the defendants are preliminarily enjoined from discontinuing or denying AFDC assistance to the members of the class in this action on the ground that they have refused to cooperate within the meaning of § 11477(b).

So ordered.