Theresa SAIZ, individually and on behalf of her minor son Anthony Joseph, and all others similarly situated, Plaintiffs-Appellants,

v.

M. B. GOODWIN et al., Defendants-Appellees.

No. 71-1180.

United States Court of Appeals, Tenth Circuit.

Nov. 9, 1971.

Charles T. DuMars, Albuquerque, N. M. (Toby F. Grossman, Albuquerque, N. M., and Nancy Duff Levy, New York City, on the brief), for appellants.

Robert J. Laughlin, Artesia, N. M. (David L. Norvell, Atty. Gen., and Julia C. Southerland, Agency Asst. Atty. Gen., on the brief), for appellees.

Before MURRAH, BREITENSTEIN and HOLLOWAY, Circuit Judges.

PER CURIAM.

Mrs. Theresa Saiz, appellant, has twice made application to the New Mexico Department of Health and Social Services for benefits for her two children under the Aid to Families with Dependent Children program as provided by the Social Security Act of 1935, as amended, 42 U.S.C. § 601 et seq. Mrs. Saiz' older child is illegitimate. As a condition of eligibility for the AFDC benefits, she was asked to supply certain information required by the Department's Regulation 223.321.[1] Mrs. Saiz refused to supply any of the information required by the regulation and, solely as a result of this refusal, she was declared ineligible to receive AFDC benefits on behalf of her children.

After unsuccessfully appealing the denial of benefits to the Department's State Board, Mrs. Saiz, asserting federal jurisdiction under 28 U.S.C. § 1343 and 42 U.S.C. § 1983, brought this suit on behalf of herself, her infant son, and all other members of a class similarly situated. She attacks the constitutionality of Regulation 223.321 as violative of her rights to privacy and equal protection. She sought a permanent injunction against the enforcement of the assailed regulation and requested the convening of a statutory three-judge court to hear and decide the constitutional question and the prayer for injunctive relief.

Apparently relying on Wyman v. James, 400 U.S. 309, 91 S.Ct. 381, 27 L. Ed.2d 408 (1971), the trial court, 325 F.Supp. 23, concluded that no substan-

---

1. Regulation 223.321 DETERMINATION OF PATERNITY provides in part:
   "In order to determine if the father is the actual father of the child an intensive investigation of the case is necessary. The mere allegation by the mother of the child that a certain man is the father is not sufficient information upon which to base an evaluation. Specific inquiry must be made of the mother regarding: (1) the date of conception; (2) promiscuity; (3) frequency of contact with the putative father; (4) the names of any person who could corroborate the relationship of the mother and the putative father, and (5) specific facts establishing an act of intercourse with the putative father at or near the date of conception."

tial constitutional question was raised justifying three-judge jurisdiction, and subsequently dismissed the case for failure to state a substantial constitutional claim. Wyman v. James involved a New York regulation requiring welfare recipients to allow caseworkers to conduct regular home visits if the recipient was to remain eligible to receive benefits. The Supreme Court found the visits to be reasonable under the circumstances and sustained the constitutionality of the regulation.

We think the facts of this case sufficiently distinguishable from Wyman v. James to pose a substantial question of the constitutionality of the New Mexico regulation. Without expressing any opinion on the merits of the constitutional issue, we conclude that the petition called for the convening of a three-judge court. The judgment of dismissal is accordingly vacated and the case remanded for further proceedings consistent with these views.