Nancy **DOE**, individually and on behalf of her minor child Mitchell, and on behalf of all others similarly situated,

Muriel Moe, individually and on behalf of her minor child Christopher, and on behalf of all others similarly situated, Plaintiffs,

v.

Abe **LAVINE**, individually and in his official capacity as Commissioner of the Department of Social Services of the State of New York, et al., Defendants.

No. 72 Civ. 2517.

United States District Court, S. D. New York.

June 29, 1972.

Supplementary Opinion Aug. 29, 1972.

Marttie L. Thompson, New York City, for plaintiffs; Community Action for Legal Services, Inc., Mobilization for Youth Legal Services, Inc., Broome Legal Assistance Corp. (Binghamton) by Richard J. Hiller, Community Action for Legal Services, of counsel.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, for defendants Abe Lavine and the New York State Dept. of Social Services, by Judith A. Gordon, New York City, of counsel.

J. Lee Rankin, Corp. Counsel of the City of New York, for defendants Jule Sugarman and New York City Dept. of Social Services, by John Nachazel, New York City, of counsel.

GURFEIN, District Judge.

This is a purported class action by mothers of needy and dependent children born out of wedlock on behalf of themselves, their minor children and all others similarly situated. Because of the circumstances, the Court has permitted the plaintiffs to sue in fictitious names upon filing their true names with the Court. See Doe v. Shapiro, 302 F.Supp.

761, 762 n. 2 (D.Conn.1969), appeal dismissed, 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677 (1970). The plaintiffs seek injunctive relief, damages, and a declaratory judgment, pursuant to 28 U.S. C. §§ 2201–02 and Fed.R.Civ.P. 57, declaring that the New York Social Services Law § 132–a(3) (McKinney 1972) and New York Social Services Regulation [18 NYCRR §] 315.2(c) (2) (vii), which require plaintiffs to identify the putative fathers of their children and to establish the paternity of the children, is not in conformity with the Social Security Act, 42 U.S.C. § 601 et seq., and the regulations thereunder; and that the plaintiffs have been denied their constitutional rights to due process of law and equal protection of the laws under the Fourteenth Amendment, their privilege against self-incrimination under the Fifth and Fourteenth Amendments, and their right of privacy under the Ninth Amendment.

The plaintiffs move for the convening of a three-judge court on the ground that they are seeking to enjoin the enforcement of a state-wide statute on constitutional grounds which are substantial, 28 U.S.C. § 2281. Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). The motion also seeks "such other relief as to this court seems just and proper." The defendants vigorously oppose the convening of a three-judge court upon two grounds: (1) that the alleged conflict of Social Services Law § 132–a(3) and 18 NYCRR § 351.2(c) (2) (vii) with the Social Security Act, 42 U.S.C. § 601 et seq., is not a challenge "upon the ground of constitutionality" within the meaning of 28 U.S.C. § 2281; and (2) that plaintiffs' allegations of violations of their rights under the Fifth, Ninth and Fourteenth Amendments are too insubstantial to warrant consideration by a three-judge court.

An attack upon a state statute under the Supremacy Clause or upon the ground that it is in conflict with a federal statute does not alone require the convening of a three-judge court. Swift & Co. v. Wickham, 382 U.S. 111, 86 S.Ct. 258, 15 L.Ed.2d 194 (1965). Where there is a substantial constitutional question, however, the Supremacy Clause issue may be the subject of pendent jurisdiction in a three-judge court. King v. Smith, 392 U.S. 309, 312 & n. 3, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968). On the other hand, a three-judge court would have been obliged to adjudicate this statutory claim in preference to deciding the original constitutional claim, Rosado v. Wyman, 397 U.S. 397, 402, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970), as in fact all the statutory courts have done.[1]

In the case at bar we must put the cart before the horse. The issue posed has been substantially the subject of adjudication by at least five Section 2284 courts. See Doe v. Shapiro, *supra,* and Doe v. Harder, 310 F.Supp. 302 (D. Conn.), appeal dismissed, 399 U.S. 902, 90 S.Ct. 2202, 26 L.Ed.2d 557 (1970); Woods v. Miller, 318 F.Supp. 510 (W.D. Pa.1970); Meyers v. Juras, 327 F.Supp. 759 (D.Or.), aff'd, 404 U.S. 803, 92 S.Ct. 91, 30 L.Ed.2d 39 (1971); Taylor v. Martin, 330 F.Supp. 85 (N.D.Cal.), aff'd, Carleson v. Taylor, 404 U.S. 980, 92 S.Ct. 446, 30 L.Ed.2d 364 (1971); Doe v. Swank, 332 F.Supp. 61 (N.D.Ill.), aff'd, Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539 (1971). In each of these cases the particular state statute and regulation mandating cooperation with the state authorities from the mother on pain of ineligibility for welfare were struck down. In none of these three-judge court cases were the constitutional issues reached.[2]

Accordingly, the most appropriate course for the district judge is to ·

1. See note 2 *infra.* And although I conclude that a three-judge court is not *required,* this does not mean that convening a three-judge court would be *improper.* See Brotherhood of Locomotive Eng'rs v. Chicago, R. I. & P. R. R., 382 U.S. 423, 86 S.Ct. 594, 15 L.Ed.2d 501 (1966).

2. 302 F.Supp. at 764; 310 F.Supp. at 303; 318 F.Supp. at 513; 327 F.Supp. at 762; 330 F.Supp. at 87; 332 F.Supp. at 63.

first face the statutory claim alone, since on it a three-judge court is not required and since a three-judge court, if convened, would have to face it first. Cf. Rosado v. Wyman, *supra*.[3] Only one district judge has been reversed for hearing the matter as a single judge, Saiz v. Goodwin, 450 F.2d 788 (10 Cir. 1971). But that court appeared to accept the adverse determination of the single judge on the statutory claim, without precluding later reexamination by the court below; and then proceeded to require a three-judge court on the underlying constitutional issues, finding them to be substantial.

We must logically, therefore, first examine the substantive claim on statutory grounds before we consider the constitutional grounds urged. See King v. Smith, *supra*; Rosado v. Wyman, *supra*. The division of opinion among the judges of the several district court panels on the subject at issue is now history in view of the affirmance by the Supreme Court of the judgments in Doe v. Swank, *supra*; Meyers v. Juras, *supra*; and Taylor v. Martin, *supra*.[4] In the *Swank* case the District Court held that regulatory provisions of the State of Illinois requiring a mother whose child is born out of wedlock to cooperate with the State in identifying the putative father or be denied additional aid for the newborn child are invalid on the ground that the Social Security Act does not permit "the state to attempt to satisfy its affirmative duty to seek support for the child by cutting that child off from" aid to families with dependent children. 332 F.Supp. at 63. The District Court continued, "We agree with the majority in Doe v. Shapiro, *supra*, in holding that refusal to extend benefits in the circumstances recounted here is con-

trary to congressional intent." *Id.* The only distinction between *Swank* and the present case is that there the welfare payments denied to the mother would have been for the benefit of the child, while here the payments withheld are for her own benefit. But this distinction has already been held to be without substance. In Doe v. Harder, *supra*, the same three-judge court which had decided Doe v. Shapiro, *supra*, holding that a child could not be denied benefits because of the refusal of its mother to identify the father, was confronted with the denial of welfare payments to the mother herself. The Court had no difficulty in finding that "[t]his regulation, while in form directed at the mother rather than the child, has the same vice as the original. It reduces the assistance to the family by creating an additional eligibility requirement identical to that held invalid and not authorized by the federal statute." 310 F.Supp. at 303. I perceive no difference between the Connecticut law there struck down and the New York law. Each adds a condition to eligibility not intended in the federal act.

In the light of the Supreme Court's decisions in *Swank*, *Taylor* and *Meyers*, it would be pointless to convene a three-judge court to consider constitutional issues that need not be reached whether they are substantial or not. "It is settled that the statutory claim should be determined and adjudicated before the constitutional issue is considered, and, that a one-judge court is the proper form to determine the statutory claim." Saddler v. Winstead, 327 F.Supp. 568, 569 (N.D.Miss.1971), three-judge court remanding to single judge, 332 F.Supp. 130 (N.D.Miss.1971). I am, therefore, deny-

---

3. Mr. Justice Harlan said: "Even had the constitutional claim not been declared moot, the most appropriate course may well have been to remand to the single district judge for findings and the determination of the statutory claim . . . ." 397 U.S. at 403, 90 S.Ct. at 1213.

4. In some of the cases heard by three-judge courts and cited above, dissenting

judges have relied on Wyman v. James, 400 U.S. 309, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971). But see Taylor v. Martin, *supra*, 330 F.Supp. at 89 n. 5. The affirmance in the *Taylor* case, as well as *Meyers* and *Swank*, without mention of Wyman v. James makes the latter irrelevant to the present issue.

ing plaintiffs' request to convene a three-judge court.

I am prepared to rule as a single judge and have indicated how I am disposed to rule.[5] Since the State and City have limited their joint brief to opposition to the motion for a three-judge court, I shall give them until July 7th to distinguish the cases cited in this opinion.[6] Since we are dealing with poor people on a bare subsistence level, I shall not require a further motion by the plaintiffs but will consider that I may grant relief under the request "for such other relief as to this court seems just and proper."[7]

The motion to convene a three-judge court is denied. A further brief is to be filed in accordance with this opinion.

It is so ordered.

### SUPPLEMENTAL OPINION

On June 29, 1972 I refused to convene a three-judge statutory court requested by the plaintiffs pursuant to 28 U.S.C.

§ 2281 upon the ground that the matter might be disposed of without reaching the constitutional issues.

I indicated in my opinion, signed that day, that I was disposed to hold that binding precedent compelled the conclusion that N.Y. Social Services Law § 132–a(3) (McKinney 1972) and Regulation [18 NYCRR §] 351.2(c)(2) (vii) under challenge[1] were not in conformity with the Social Security Act, 42 U.S.C. § 601 et seq. and the regulations thereunder, and, hence, invalid. The defendants were given time to file briefs addressed to this point among others.

■ In the meantime eight unmarried mothers, who reside in New York City, Westchester and Rensselaer Counties, seek to intervene under Fed.R.Civ. P. 24, and to add the appropriate party defendants under Rule 20. Intervention is granted as a discretionary matter under Rule 24(b), and those new defendants are added under Rule 20(a). Fur-

---

5. Jurisdiction is based on 28 U.S.C. § 1343. Lynch v. Household Finance Corp., 405 U.S. 538, 92 S.Ct. 1113, 31 L.Ed.2d 424 (1972). See Rosado v. Wyman, *supra*; Johnson v. Harder, 438 F.2d 7 (2 Cir. 1971).

6. The State and City may also argue the question of whether this is a proper class action, and contest the standing of the plaintiffs.

7. As the Supreme Court said in Dandridge v. Williams, 397 U.S. 471, 485, 90 S.Ct. 1153, 1162, 25 L.Ed.2d 491 (1970), public assistance "involves the most basic economic needs of impoverished human beings . . . ."

1. Section 132–a(3) provides:
    "3. In appropriate cases, such applicant shall be required to file a petition in the family court instituting proceedings to determine the paternity of her child, and she shall be required to assist and co-operate in establishing such paternity. However, such a petition shall not be required to be filed if the child has been surrendered to the social services official for adoption or if such surrender is under consideration in accordance with the provisions of section one hundred thirty-two."

The regulation under challenge reads:
    "(vii) Where an applicant for or recipient of public assistance refuses to institute proceedings to determine the paternity of her child, the social services official shall, in an appropriate case, institute such proceedings. In such case the refusal of the mother to institute such proceedings and to otherwise cooperate with the social services official in establishing the paternity of her child shall be brought to the attention of the family court for whatever action the court may wish to take under the circumstances. When an applicant for or recipient of public assistance refuses to institute proceedings to determine the paternity of her child, such applicant or recipient shall be ineligible for public assistance. Such persons needs shall be excluded from consideration and the needs of the remaining family members shall be met in accordance with Part 352 of this Title; except that, if there is no other eligible relative in the home, such needs of the remaining family members shall be met as a protective payment in accordance with Part 381 of this Title."
The Court is cognizant of the passage of N.Y.Laws of 1972 ch. 687, but since the courts do not render advisory opinions and since that Act does not become effective until September 1, 1972, it does not enter into this Court's decision.

thermore, leave is granted to prosecute under fictitious names.

The arguments of the State and City that the original named plaintiffs do not have standing—Nancy Doe because she refused to give information regarding the putative father, as opposed to refusing to institute a paternity proceeding, and Muriel Roe because she has not exhausted her administrative remedy—are negated by the allowance of intervention and the naming of the intervenors as parties plaintiff.

■ The State and City proceed by a curious method of confession and avoidance. The Regulation which is attacked states quite clearly, in part, as follows: "When an applicant for or recipient of public assistance refuses to institute proceedings to determine the paternity of her child, such applicant or recipient shall be ineligible for public assistance." The respondents contend that though the language is mandatory, it is not, in fact, so interpreted. Affidavits to that effect by officials of the New York State Department of Social Services have been tendered, but no action has been taken to withdraw the regulation.[2] In the circumstances, a court may not proceed on an *ad hoc* basis to decide whether in each case the regulation has or has not been applied, nor can it review every "fair hearing" to determine whether the regulation has been applied.

On the face of it, a failure to name the putative father or assist in paternity proceedings has become a failure of proof of eligibility which is not different from making the doing of such acts a *condition* of eligibility. So much has been written on this subject as to make it unnecessary to explicate the decisions. Suffice it to say that extra burdens cast on the states to pursue absconding fathers have been authoritatively held not to jeopardize the eligibility of the unmarried mother under the Social Security Act. And since the Supreme Court has spoken there is little more to say. (See my earlier opinion citing Doe v.

Swank, 332 F.Supp. 61 (N.D.Ill.), aff'd, Weaver v. Doe, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539 (1971); Meyers v. Juras, 327 F.Supp. 759 (D.Or.), aff'd, 404 U.S. 803, 92 S.Ct. 91, 30 L.Ed.2d 39 (1971).) Moreover, directly in point are Doe v. Shapiro, 302 F.Supp. 761 (D. Conn.1969), appeal dismissed, 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677 (1970) and Doe v. Harder, 310 F.Supp. 302 (D. Conn.) appeal dismissed, 399 U.S. 902, 90 S.Ct. 2202, 26 L.Ed.2d 557 (1970).

Thus, while it seems quite logical to pursue every means of requiring a putative father to support his child born out-of-wedlock as a means of cutting the relief rolls, as suggested by dissenting judges in earlier cases, it has now been determined that such was not the intention of Congress in defining eligibility for welfare; and federal law is supreme.

■ A motion to make this a class action is also pending. While it is true that where some of the named plaintiffs have exhausted their administrative remedies, a class may be formed that includes others who have not, Broussard v. Schlumberger Well Services, 315 F.Supp. 506, 510 (S.D.Tex.1970); Miller v. International Paper Co., 408 F.2d 283, 284–285 (5 Cir. 1969), I find this not to be a proper case for the declaration of a class. There are nuances that may result from varied factual situations which may be taken into account in an administrative hearing ("fair hearing"). The difficulty of defining a class in advance is great. Moreover, the declaratory judgment to be granted, while it may not subject particular officials to the penalty of contempt in the absence of a class determination, should be sufficient to induce obedience.

■ That some of the named plaintiffs have not pursued the administrative remedy does not preclude relief in the absence of a class. The State by statute and regulation has itself imposed a condition upon eligibility which is invalid for conflict with federal law; there is no sense, logically or legally, to require

2. Indeed it has apparently been reinforced by statute, N.Y.Laws, 1972 c. 687, cited *supra*.

a fair hearing aimed solely at determining whether the plaintiffs have met the condition which is invalid on its face. See Damico v. California, 389 U.S. 416, 88 S.Ct. 526, 19 L.Ed.2d 647 (1967); cf. 3 K. Davis, Administrative Law § 20.04 (1958). But cf. Hagans v. Wyman, 462 F.2d 928 (2 Cir. 1972).

The statute as applied and the regulation on its face will be declared invalid as inconsistent with the Social Security Law, and the defendants will be enjoined preliminarily from denying to the plaintiffs welfare assistance to themselves and their children for the reason that any of them has refused to name the father of her child or to cooperate in paternity proceedings. Cases where fraud is shown are excepted.

The foregoing shall constitute the Court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52(a).

Settle order on five days' notice.