Thomas J. ANDREWS and Sally S. Andrews, Plaintiffs,

v.

Carolina B. CODY, as she is Elections Commissioner for Chapel Hill and Bingham Townships, Orange County, North Carolina, et al., Defendants.

No. C-92-D-71.

United States District Court, M. D. North Carolina, Durham Division.

Argued June 1, 1971.

Decided June 16, 1971.

Thomas J. Andrews and Sally S. Andrews, pro se.

Lucius M. Cheshire, of Graham & Cheshire, Hillsborough, N. C., for defendants.

Robert B. Morgan, Atty. Gen. of N. C., Ralph Moody, Deputy Atty. Gen., and James L. Blackburn, Staff Atty., Raleigh, N. C., amicus curiae for the State of N. C.

Before CRAVEN, Circuit Judge, STANLEY, Chief District Judge, and GORDON, District Judge.

OPINION OF THE COURT

GORDON, District Judge.

This is yet another in the increasing number of Three-Judge Court decisions dealing with the question of the constitutionality of durational residency requirements as they relate to voting in state elections. The case has been submitted to the Court on stipulated facts and oral argument was held on June 1, 1971. The State of North Carolina was permitted to file briefs and present oral argument as *amicus curiae*. After careful consideration of the entire official file and arguments of counsel, the Court concludes that the one year durational residency requirement necessary in order to register to vote in a local North Carolina election is violative of the Equal Protection Clause of the Fourteenth Amendment.

The plaintiffs moved to Chapel Hill, North Carolina, on July 30, 1970, and have continuously resided there since that date. On May 4, 1971, when the plaintiffs had resided in the state and precinct for nine months and five days, an election was held in the Town of Chapel Hill and in the Chapel Hill-Carrboro City School Administrative Unit to select a mayor, aldermen, and members of the Board of Education and to consider a referendum proposition. The plaintiffs met all of the established qualifications for voters in the election except the requirement of the North Carolina Constitution, Article VI, Section 2, and North Carolina General Statute § 163-55 that they "shall have resided in the State of North Carolina for one year * * * next preceding the ensuing election. * * *"[1] On April 1, 1971,

---

1. There is an additional requirement contained in both the abovementioned sections requiring that the registrant also reside in the precinct for thirty days next preceding the ensuing election. This requirement had already been satisfied by the plaintiffs and consequently no attack has been made on it.

the plaintiffs sought to register as voters for that election and were denied registration solely on the ground that they did not meet the one-year state residency requirement. Denial of registration was affirmed by the County Board of Elections on the same sole ground. At the time that the plaintiffs attempted to register they had obtained North Carolina motor vehicle operator's licenses, had registered their car in North Carolina, had filed 1970 North Carolina income tax returns and had listed their personal property for the purposes of ad valorem taxes. Furthermore, Thomas Andrews was, and is, an Assistant Professor of Law at the University of North Carolina, under a three-year contract which will terminate in August, 1973. Sally Andrews was, and is, a teacher in a local high school.

A threshold question to be answered in a determination of this sort is what test should be applied in determining whether the durational residency requirement violates the Equal Protection Clause. In Kohn v. Davis, 320 F.Supp. 246 (D.Vt.1970), appeal docketed, No. 1336, 39 U.S.L.W. 3347 (U.S. Feb. 10, 1971) it is stated:

"At least two standards have emerged for testing the constitutional validity of a state statute on equal protection grounds. * * * The first standard of review, which seems to have the longest history, looks simply to the reasonableness of the classification in light of its legislative purposes. Judged by this standard, 'a statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' McGowan v. Maryland, 366 U.S. 420, 426, 81 S.Ct. 1101, 1105, 6 L.Ed.2d 393 (1961). * * *

"The second standard defines a more active judicial posture and under it, a discriminatory classification can be upheld only when it is necessary in the service of some compelling state interest. It is clear that in the absence of some fundamental and constitutionally protected right the 'active'

or 'compelling state interest' test will not apply." 320 F.Supp. at 249–250.

Generally speaking, those decisions which have adopted the "reasonableness" test have upheld the durational residency requirements in question. Cocanower v. Marston, 318 F.Supp. 402 (D.Ariz. 1970), appeal docketed, No. 799, 39 U.S. L.W. 3151 (U.S. Oct. 13, 1970); Fitzpatrick v. Board of Election Commissioners (N.D.Ill. Dec. 21, 1970), appeal docketed, No. 1344, 39 U.S.L.W. 3362 (U.S. Feb. 12, 1971); Howe v. Brown, 319 F. Supp. 862 (N.D.Ohio 1970). On the other hand, those courts which have adopted the "compelling state interest" test have struck down, at least in part, the state durational residency requirements. Burg v. Canniffe, 315 F.Supp. 380 (D.Mass.1970), appeal docketed, No. 811, 39 U.S.L.W. 3168 (U.S. Oct. 12, 1970); Ellington v. Blumstein (M.D. Tenn. Sept. 9, 1970), appeal docketed, No. 769, 39 U.S.L.W. 3150 (U.S. Oct. 6, 1970), prob. juris. noted, 39 U.S.L.W. 3375; Donovan v. Keppel, (D.Minn. Dec. 4, 1970), appeal docketed, No. 1324, 39 U.S.L.W. 3347 (U.S. Feb. 8, 1971); Affeldt v. Whitcomb, 319 F.Supp. 69 (N. D.Ind.1970), appeal docketed, No. 1081, 39 U.S.L.W. 3273 (U.S. Dec. 22, 1970); Lester v. Board of Elections, 319 F. Supp. 505 (D.D.C.1970), appeal docketed, No. 1441, 39 U.S.L.W. 3402 (U.S. Mar. 5, 1971); Bufford v. Holton, 319 F.Supp. 843 (E.D.Va.1970), appeal docketed, No. 1270, 39 U.S.L.W. 3333 (U.S. Jan. 25, 1971); Hadnott v. Amos, 320 F.Supp. 107 (M.D.Ala.1970), appeal docketed, No. 1139, 39 U.S.L.W. 3289 (U.S. Dec. 12, 1970); Kohn v. Davis, supra. The Court finds the decisions of those courts which have adopted the "compelling state interest" test to be persuasive, particularly Affeldt v. Whitcomb, supra; Bufford v. Holton, supra; and Kohn v. Davis, supra, and would apply the same if it were necessary.

However, because of the very limited issue presented for determination by this Court, it is concluded that the one year durational residency requirement is violative of the Equal Protection Clause

even under the "reasonableness" test. At this juncture it should be noted that the State of North Carolina is not a party-defendant to this suit. Furthermore, the factual context in which this question has been presented involves a strictly local election; no candidates for state offices were on the ballot. As stipulated by the parties to this action, the only issue in this case concerns the validity of North Carolina's one year state residency requirement for voting *as it relates to a local election such as that held in Chapel Hill on May 4, 1971.* In this situation, the "one year in the state" requirement has to be viewed in relation with the "thirty days in the election district" requirement. The defendants argue that the one year residency requirement is reasonable in that it assures that the registrant is indeed a resident. However, in a local election, the primary concern is whether or not the registrant is a resident of the local election district. It is not reasonable to say that a person who comes to Chapel Hill from another state and stays for longer than the thirty day period is less likely to be a resident than a person who has lived in Wilmington, North Carolina, for eleven months and then moves to Chapel Hill and stays for thirty days. Nor would it be reasonable to say that the person moving to Chapel Hill from Wilmington would be better informed about the local political issues in Chapel Hill than a person who moves from out-of-state to Chapel Hill and remains for the same thirty day period. Nor can any administrative reason be advanced which would bring this one year requirement within the "reasonableness" test. It is, therefore, concluded that the one year residency requirement contained in Article VI, Section 2 of the North Carolina Constitution and North Carolina General Statute § 163–55 are unconstitutional when applied to the right to vote in local elections.

In this opinion, the Court does not reach the question of the validity of the one year residency requirement as it relates to elections other than those which are local. This is so simply because the limited scope of the issue before the Court did not permit such a determination. Therefore, this decision should not be read as yielding any indication that the "compelling state interest" test would not have been adopted had the issue been expanded. Rather, quite to the contrary, the Court finds the "compelling state interest" test to be supported by the greater weight of authority.

A judgment in accord with this decision shall be entered contemporaneously with this Opinion.

## JUDGMENT

For the reasons stated in the Opinion of the Court, it is

Ordered, adjudged and declared that the one year durational residency requirement as it relates to the right to vote in local elections as contained in North Carolina General Statute § 163–55 and North Carolina Constitution, Article VI, Section 2, is unconstitutional and invalid.

It is further ordered, adjudged and decreed that the defendants, their agents and employees are restrained and enjoined from enforcing the one year durational residency requirement as it relates to the right to vote in local elections as contained in North Carolina General Statute § 163–55 and North Carolina Constitution, Article VI, Section 2.

It is further ordered, adjudged and decreed that the ballots of the plaintiffs cast in the May 4, 1971, election, which had been sealed pursuant to a previous order of the Court, be unsealed and counted.