**Mrs. Ora Lee SADDLER et al.,
Plaintiffs,**

v.

**Arthur WINSTEAD et al., Defendants.
No. EC 70–20–S.**

United States District Court,
N. D. Mississippi, E. D.
Aug. 23, 1971.

See also 327 F.Supp. 568.

Thomas R. Mayfield, John C. Brittain, Jr., Oxford, Miss., for plaintiffs.

A. F. Summer, Atty. Gen., James E. Rankin, Special Asst. Atty. Gen., State of Miss., Jackson, Miss., for the defendants.

## MEMORANDUM OF DECISION

SMITH, District Judge.

This action has been instituted by Mrs. Ora Lee Saddler (plaintiff), in her own behalf and on behalf of her dependent grandchildren, Tommy Lee Davis, age fifteen years, and Sammy Lee Davis, age thirteen years, (children), the children of Mrs. Saddler's daughter and her husband. The action is filed as a class action on behalf of all others similarly situated.

Plaintiff has had the custody of the children, off and on, for most of the time since they were born. The children's parents do not contribute to their support, and plaintiff has assumed that burden.

On May 26, 1969, plaintiff signed a Declaration of Eligibility with reference to the children and the adopted minor daughter of plaintiff who lived with plaintiff, seeking assistance and aid from the Mississippi State Department of Public Welfare under the Aid to Dependent Children program (ADC), adopted and in force within the state.

The declaration or form contained the following provision:

"I, payee, am willing to sign all forms I need to sign regarding the deprivation of the child (children). Yes ☐ No ☐"

Plaintiff, in answering the provision, indicated that she would not agree to sign forms which reported the parents of the children who had deserted them. One of the forms which plaintiff would have been required to sign had she agreed to this provision would have furnished the law-enforcement officials of the state with information regarding the name, occupation, and address of each deserting parent, as well as other information regarding the marriage of the parents, birth of the children, and desertion of the children by the parents. The form contained a provision obligating anyone signing the form to render state law-enforcement officials assistance in the prosecution of an absent and deserting parent.

The county welfare agent notified plaintiff by letter dated July 7, 1969

"Your application for Aid to Dependent Children is being rejected because we cannot show a need for Rosezenia (the daughter of plaintiff) because of the amount of Social Security she receives. You were not willing to sign necessary forms against the parents of the other children. We are unable to give you a check because of this."

Plaintiff appealed from the decision of the county welfare agent to the State Board of Public Welfare and was afforded a hearing by appeal hearing officials and the medical reviewing team. This hearing was held on September 4, 1969, at West Point, Mississippi, the county seat of the county in which plaintiff resides. Plaintiff was represented at the hearing by an attorney and the issues involved were fully developed before the hearing officials. The hearing officials explained to plaintiff that if she signed the form she would actually be reporting the father and mother of the children to the Court in order that the Court might obtain child support from the parents for the children.

Plaintiff did not agree to sign the form or to assist the state law-enforcement officials in pursuing legal remedies to compel the parents of the children to contribute to their support.

After reviewing the report and recommendations of the appeal hearing officials the Commissioner of Public Welfare notified plaintiff that her claim for Aid to Dependent Children was denied.[1]

---

1. The full text of the letter received by plaintiff from the Commissioner containing the denial is as follows:
"Dear Mrs. Saddler:
"The State Board of Public Welfare has authorized the Commissioner of the Mississippi State Department of Public Welfare to act for them in reaching and issuing the Agency decision on appeal cases when and as they are processed. The recommendations are made by appeal hearing officials after carefully considering the evidence and information discussed with you at your hearing. The Agency has, after this review, decided to deny your claim for Aid to Dependent Children for the following reason:

"A budget was completed with you according to welfare standards showing monthly requirements for you and your daughter to be $133.82. Total income of both of you amounting to $139.80 is more than sufficient to meet your requirements. As you did not wish to comply with the regulations of the Welfare Department in reporting the names of the absent parents of · your grandchildren, assistance can not be granted to them according to present rules and regulations.
"The Agency is always sorry to deny assistance to any person who feels that she is eligible and we regret that the decision cannot be favorable at this time.

The demand by the State Department of Public Welfare that plaintiff report the absent parents to law-enforcement officials and assist in their prosecution is authorized by a regulation adopted by the Mississippi State Welfare Department.[2]

Plaintiff filed this action March 17, 1970, against the State Board of the Mississippi State Department of Public Welfare, its chairman and members, the Commissioner of the Mississippi State Department of Public Welfare, and the County Welfare Agent for Clay County, Mississippi, seeking declaratory and injunctive relief against the enforcement of the regulation aforesaid. Plaintiff contends that the regulation is invalid because it conflicts with and is violative of the Social Security Act of 1935, Sub-Chapter IV, Part A, §§ 401–410, as amended, 42 U.S.C.A. §§ 601–610 (Act), pursuant to which Mississippi affords public assistance to needy and depend-ent children. Plaintiff further contends that the Mississippi regulation is inconsistent with regulations properly promulgated under the Act by the Department of Health, Education and Welfare. Additionally, plaintiff contends that the Mississippi State Department of Public Welfare, by virtue of the regulation aforesaid, has imposed an eligibility requirement upon ADC applicants not contemplated by the Act.

The complaint also raises constitutional objections to the regulation and its enforcement. It is contended that the practice required by this regulation arbitrarily creates artificial and unreasonable classes of needy, dependent children—one class consisting of children whose custodian complies with an invalid regulation and another class whose custodian refuses to comply—thus denying equal protection guaranteed by the Fourteenth Amendment to the Constitution of the United States.

---

At the next regular meeting of the State Board of Public Welfare, your case will be finally reviewed by the Board. Should there be any change in the Agency decision, by Board action, you will be promptly notified.

> "Sincerely yours,
> /s/ ARTHUR WINSTEAD
> Arthur Winstead
> Commissioner"

2. The regulation appears on Page 4553, Volume III, of the Mississippi Public Assistance Manual and is as follows:

*"Explanation of Requirement for Cooperation in Legal Action*

"When the worker determines that the case is apparently one of the desertion and/or nonsupport of a legal parent, the worker will explain to the applicant that he or she will be required to:

> "1. Sign Form DPW–326, report to district attorney, county attorney, sheriff, and grand jury, reporting the name of the absent parent to the law-enforcement officials.

> "2. Assist the attorneys and other officials in the prosecution of the absent parent by giving all the information she can concerning the parent, and otherwise assisting in the legal procedure. This includes action under the Uniform Reciprocal Support Act also. If the par-ent or other grantee relative fails to appear at the court hearing held in this state, there must be a valid reason if this is not to be considered lack of compliance with agency policy.

"If the applicant does not wish to comply with these requirements, he or she may either withdraw the application or have the application formally rejected by the county department. Exception: if there are children by a former marriage, these children will be eligible on the basis of the deprivation of their own father, such as death. The grant will include only the children by the first marriage, since the applicant is unwilling to have the father of the children by the second marriage reported for desertion and/or nonsupport.

"Also after aid has been granted and the name of the absent parent reported to law-enforcement officials, if the parent or other relative is not willing to cooperate in legal action, the grant will be discontinued. This includes refusal or failure without valid reason to appear at the court hearing, to give the required information, or to otherwise cooperate in good faith with action for support against the absent parent. Should the parent or other grantee relative return later to re-apply, the following conditions must exist before aid can be reinstated."

Because the regulation which plaintiff seeks to enjoin has state-wide application, plaintiff requested the formation of a court of three judges to determine the issue. Pursuant to the request the three-judge court was properly constituted pursuant to 28 U.S.C.A. §§ 2281 and 2284. Subsequent to the formation of the court plaintiff moved the remand of the action to a one-judge court for the disposition of plaintiff's statutory claim. The three-judge court heard and considered the motion and determined that it was proper for the statutory claim to be adjudicated before giving consideration to the constitutional issue. Accordingly, the motion was sustained and the action remanded to a one-judge court for the determination of the statutory claim. The action was stayed in the three-judge court pending the decision of the one-judge court.[3]

The action is now before the one-judge District Court on the statutory claim and has been submitted for decision on the merits, on stipulation of facts, the record, and briefs of the parties. The single question before the Court for decision is whether the Mississippi State Department of Public Welfare is authorized by the Act and the regulations of the Department of Health, Education and Welfare to require that the applicant or other grantee relative, before aid under the ADC program adopted by the state is granted or continued, report the name of the absent parent to law-enforcement officials and agree to render assistance in any legal proceedings brought against the absent parent.

It is provided in 42 U.S.C.A. § 602(a) that "A State plan for aid and services to needy families with children must * * * (10) provide, effective July 1, 1951, that all individuals wishing to make application for aid to families with dependent children shall have opportunity to do so, and that aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals; (11) effective July 1, 1952, provide for prompt notice to appropriate law-enforcement officials of the furnishing of aid to families with dependent children in respect of a child who has been deserted or abandoned by a parent; * * * (17) provide—(A) for the development and implementation of a program under which the State agency will undertake— * * * (ii) *in the case of any child receiving such aid who has been deserted or abandoned by his parent, to secure support for such child from such parent (or from any other person legally liable for such support), utilizing any reciprocal arrangements adopted with other States to obtain or enforce court orders for support, and * * *.*" (Emphasis added).

The Handbook of Public Assistance Administration issued by the Department of Health, Education and Welfare in Volume IV, § 8120, provides in part as follows:

"The Federal legislation requires that all instances of desertion or abandonment of children by parents should be brought to the attention of the proper law-enforcement officials *when eligibility for aid to dependent children is established and aid furnished.*

" * * * * * *

"The public assistance agency is charged with responsibility for reporting to the law-enforcement officials *all situations in which assistance is granted* with respect to children who have been deserted or abandoned by a parent, as defined in State laws. The amendment does not make the assistance agency responsible for filing a complaint or initiating or pressing a suit against a deserting parent. Neither does it make the agency responsible for requiring the applicant to take action against the deserting parent or *for making eligibility for assistance conditional upon action by the applicant.*

3. Saddler v. Winstead, 327 F.Supp. 568 (N.D.Mississippi, opinion dated May 18, 1971)

"\* \* \* \* \* \*

"Congressional action was clear with regard to the difference between public assistance administration and law enforcement, and did not place upon the public assistance agencies responsibility for enforcing support. The public assistance job is seen as that of providing eligible children with the assistance they need; and it is not the intent of the legislation to deprive needy children of assistance in order to punish their parents for neglect of their duties. *Although accepting assistance involves notice to the law-enforcement officials if a parent has deserted or abandoned his child, the amendment does not impose an additional eligibility requirement. This is clear in the wording of the provision which requires notice that aid has been furnished 'in respect of a child who has been deserted or abandoned by a parent.'* " (Emphasis added).

Section 8149, Part IV, of the Handbook aforesaid provides in part: "The Bureau advises against legislation that makes the actual commencement of action on the part of a parent to obtain support from the parent who has deserted or abandoned his children a condition of eligibility. Such provisions deprive needy children, who would otherwise be eligible, of the right to receive aid to dependent children pending the commencement of action to obtain support from the absent parent."

And, finally, the Department of Health, Education and Welfare published in the Federal Register of February 27, 1971, 36 F.R. 40, p. 3869; 45 C.F.R., § 235.70, the following:

"Section 235.70. Notice to law enforcement officials.

State plan requirements: A state plan under *Title IV–A of the Social Security Act must provide that:*

*(a) The appropriate law enforcement officials will be notified in writing promptly as soon as AFDC has been furnished in respect to a child who is believed to have been deserted* or abandoned by a parent. *This requirement has no effect upon the determination of eligibility. It is a requirement upon the agency, and is fulfilled by providing the following information after a family has been found eligible and been granted assistance:* A statement that AFDC has been furnished (date) to relative (name and address) in behalf of children (name and ages) in his home, who appear to have been deserted or abandoned by their parent(s) (name and address, if known). Under this requirement, the appropriate law enforcement officials are those responsible for initiating actions in cases of desertion or abandonment, as those terms are defined under State law." (Emphasis added).

Plaintiff asserts that the only eligibility requirements authorized or permitted in the ADC program are need and dependency, and that Mississippi has impermissibly added an eligibility requirement not authorized or permitted by the Act by the adoption and enforcement of the regulation under attack.

The defendants contend that the regulation affords a means to carry out and enforce the intent of Congress that an absent and deserting parent shall be compelled to contribute to the support of his or her needy and dependent child, for which reason the regulation does not conflict with any prohibition of the Act. Defendants have received a communication dated July 7, 1971, from the Office of the Regional Director, Region IV, Department of Health, Education and Welfare, Atlanta, Georgia, over the signature of the Regional Attorney, that the regulation adopted by Mississippi has been accepted by the Department as not conflicting any prohibition of the Act. The communication reflects that the original acceptance by the Department was made on December 19, 1968, and reaffirms such acceptance, stating that the interpretation of the Department remains the same, viz., "That there is no conflict between the Mississippi

eligibility requirement and the Federal statute."

The effect of the challenged regulation is to withhold aid from a needy and dependent child, otherwise entitled to a grant of ADC assistance, where the parent or other grantee relative refuses to report the absent parent and actively assist law-enforcement officials in his or her prosecution. Through no fault of its own the child is deprived of the aid and assistance which it would otherwise receive pursuant to the provisions of the Act. It is apparent to the Court that the Act and the regulations adopted by the Department of Health, Education and Welfare provide in express terms that a report to law-enforcement officials is not required until after a grant of aid and assistance has been made to the needy and dependent child. The challenged regulation acts to withhold a grant of aid to the needy and dependent child until the parent or grantee relative furnishes law-enforcement officials with information concerning the absent parent, and enters into an agreement to actively assist law-enforcement officials in the prosecution of legal remedies against the absent parent. Thus, the challenged regulation imposes an additional condition upon the grant of such assistance.

It is the opinion of the Court that the Act creates the right to a grant of assistance and aid to a needy and dependent child, once such need and dependency have been established, and a participating agency may not withhold the granting of such aid by the promulgation of an additional eligibility requirement. Accordingly, the Court holds that the challenged regulation is invalid on the ground that the regulation imposes a condition of eligibility not authorized by the Act.

The rules and regulations of the Department of Health, Education and Welfare, hereinbefore mentioned, establish the rule that the participating agency may not impose a duty upon a parent or relative grantee which will create an additional condition of eligibility as to the needy and dependent child. 42 U.S.C.A. § 602(a) (10) provides that a State ADC plan must "provide * * * that aid to families with dependent children shall be furnished with reasonable promptness to all eligible individuals. * * * *" As the Court has mentioned, the only eligibility requirements recognized by the Act are need and dependency. The challenged regulation imposes an additional eligibility requirement on the right of such children to receive aid and assistance. Thus, such challenged regulation is in violation of and in conflict with the Act, and is therefore invalid and cannot be enforced. Defendants assert, as a defense, the approval of the regulation by the Regional Office, Region IV, of the Department of Health, Education and Welfare in Atlanta, Georgia. This argument is not persuasive as the Court finds that an approval of the challenged regulation is not justified by the published regulations of the Department of Health, Education and Welfare hereinbefore mentioned. The approval by the Regional Office cannot act to validate an invalid and illegal regulation.

The holding of the Court in the case sub judice is supported by the decisions of four three-judge Courts. *See* Doe v. Shapiro, 302 F.Supp. 761 (D.Conn.1969), appeal dismissed for failure to docket within the time prescribed, 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677 (1970), reh. denied 397 U.S. 970, 90 S.Ct. 991, 25 L.Ed.2d 264 (1970); Woods v. Miller, 318 F.Supp. 510 (W.D.Pa.1970); Meyers v. Juras, 327 F.Supp. 795 (D.Or.1971); Taylor v. Martin, 330 F.Supp. 85 (N.D. Cal.1971); and Doe v. Swank, 332 F. Supp. 61 (N.D.Ill.1971).

The only dissent on the issue which has been brought to the Court's attention is found in the decision of a single-judge District Court in Saiz v. Goodwin, 325 F.Supp. 23 (D.New Mexico 1971).

■ This brings the Court to the question of the type, kind and extent of relief which should be granted plaintiff. The action is brought by plaintiff in her

own behalf, on behalf of her said grandchildren, and on behalf of all other "needy parents and custodians of dependent children and dependent children residing in the State of Mississippi and eligible to receive aid under the Mississippi program of Aid to Dependent Children but for the imposition of the requirement challenged herein that applicants prosecute criminal actions for desertion against the absent parent or parents of the needy dependent child."

Plaintiff did not offer evidence to establish the extent of the class which she seeks to represent. Defendants denied in their answer the existence of a proper class.

The Court finds that the adoption by defendants of the challenged regulation bears sufficient inference that the class of individuals subject to its provisions is substantial. The class is easily ascertainable and the Court finds no difficulty in identifying the class. The Court concludes, therefore, that the action has the necessary characteristics of a class action required by Rule 23, Fed.R.Civ.P.

The Court determines that plaintiff is entitled to relief as follows:

(1) A declaratory judgment that the challenged regulation is invalid and unenforceable, as being inconsistent with the provisions of the Social Security Act of 1935, Sub-Chapter IV, Part A, §§ 401–410, As Amended, 42 U.S.C.A. §§ 601–610;

(2) The establishment and payment to the plaintiff by defendants of ADC assistance for plaintiff and her said dependent grandchildren, retroactive to July 7, 1969, the day upon which plaintiff's application for such aid was denied by the Clay County Welfare Agent; and

(3) A permanent injunction enjoining defendants, their successors in office, agents, representatives and employees from enforcing the challenged regulation, and from withholding aid to families with dependent children unless or until the parent or other grantee relative (applicant) shall report the absent parent or parents, deserting or abandoning the needy dependent child, to law enforcement officials and/or shall agree to assist in the prosecution of legal remedies against such parent or parents;

(4) A decree providing that the relief herein granted to plaintiff shall be afforded all members of the class which plaintiff seeks to represent, to be described in the decree as "all parents and custodians of dependent children residing within the State of Mississippi, who, but for the provisions of the regulation challenged herein, would be entitled to receive aid to families with dependent children"; provided, however, that the retroactive relief to which plaintiff is entitled by virtue of the Court's holding herein shall not extend to or be enjoyed by members of the class, but the rights of such class members to grants of aid to families with dependent children shall take effect as of the date of the entry of the Court's decree or judgment herein;

(5) All costs of the action.

Counsel for plaintiffs and defendants shall confer and prepare a proper decree or judgment to be rendered in this action, carrying into effect the provisions of this decision. The judgment shall be submitted to the Court for entry not later than ten days from the date hereof. In the event counsel are unable to agree upon the provisions of the judgment, counsel for plaintiffs may submit a proposed judgment within said period of time and defendants will have five days after such judgment has been submitted to propose amendments or additions to the same.