LASCARIS, COMMISSIONER, DEPARTMENT OF
SOCIAL SERVICES OF ONONDAGA COUNTY
*v.* SHIRLEY ET AL.

No. 73-1016.   Argued December 18, 1974—Decided March 19, 1975*

*Alan W. Rubenstein* argued the cause for appellants in both cases.   With him on the briefs for appellant in No. 73-1095 were *Louis J. Lefkowitz,* Attorney General of New York, and *Ruth Kessler Toch,* Solicitor General. *Philip C. Pinsky* and *John B. LaParo* filed a brief for appellant in No. 73-1016.

*Douglas A. Eldridge* argued the cause *pro hac vice* for appellees in both cases.   With him on the brief for appellee Stuck was *Isadore Greenberg.*†

---

*Together with No. 73-1095, *Lavine, Commissioner, Department of Social Services of New York* v. *Shirley et al.,* also on appeal to the same court.

†*Ronald A. Zumbrun* filed a brief for the Pacific Legal Foundation as *amicus curiae* urging reversal in both cases. *Evelle J. Younger,* Attorney General, *Elizabeth Palmer,* Assistant Attorney General, and *John J. Klee, Jr.,* Deputy Attorney General, filed a brief for the State of California as *amicus curiae* urging reversal in No. 73-1095.

PER CURIAM.

After our previous remand, 409 U. S. 1052 (1972), the three-judge District Court held that amended New York Social Services Law § 101-a "engraft[ed] . . . a condition on to the Congressionally prescribed initial AFDC eligibility requirements or on to the grounds for discontinuance of benefits." 365 F. Supp. 818, 821 (1973). That condition, the court held, rendered the amended section invalid because in conflict with the Social Security Act, § 402 (a), 42 U. S. C. § 602 (a), insofar as it required recipient cooperation in a paternity or support action against an absent parent as a condition of eligibility for benefits under the program for Aid to Families with Dependent Children. On June 17, 1974, we noted probable jurisdiction of the appeals of the State and County Commissioners of Social Service, 417 U. S. 943. Since that time, however, on January 4, 1975, Pub. L. 93–647, 88 Stat. 2359, amended § 402 (a) of the Social Security Act expressly to resolve the conflict as to eligibility found by the three-judge District Court to exist between the federal and state laws. Amended § 402 (a), like New York's amended § 101-a, requires the recipient to cooperate to compel the absent parent to contribute to the support of the child.

Section 402 (a), as amended, in pertinent part provides:*

---

*Pub. L. 93–647 provides that § 402 (a), as amended, shall become effective on July 1, 1975. However, President Ford announced when he signed the law that he would propose changes to several sections, including the child-support provisions, during the early months of the 94th Congress, stating:

"The second element of this bill involves the collection of child support payments from absent parents. I strongly agree with the objectives of this legislation.

"In pursuit of this objective, however, certain provisions of this legislation go too far by injecting the Federal Government into

"A State plan for aid and services to needy families with children must

. . . . .

"(26) provide that, as a condition of eligibility for aid, each applicant or recipient will be required—

. . . . .

"(B) to cooperate with the State (i) in establishing the paternity of a child born out of wedlock with respect to whom aid is claimed, and (ii) in obtaining support payments for such applicant and for a child with respect to whom such aid is claimed, or in obtaining any other payments or property due such applicant or such child and that, if the relative with whom a child is living is found to be ineligible because of failure to comply with the requirements of subparagraphs (A) and (B) of this paragraph, any aid for which such child is eligible will be provided in the form of protective payments as described in section 406 (b)(2) (without regard to subparagraphs (A) through (E) of such section) . . . ."

We affirm the judgment of the three-judge court. *Townsend* v. *Swank,* 404 U. S. 282 (1971); *Carleson* v. *Remillard,* 406 U. S. 598 (1972). In light of the resolu-

---

domestic relations. Specifically, provisions for use of the Federal courts, the tax collection procedures of the Internal Revenue Service, and excessive audit requirements are an undesirable and unnecessary intrusion of the Federal Government into domestic relations. They are also an undesirable addition to the workload of the Federal courts, the IRS and the Department of Health, Education, and Welfare Audit Agency. Further, the establishment of a parent locator service in the Department of Health, Education, and Welfare with access to all Federal records raises serious privacy and administrative issues. I believe that these defects should be corrected in the next Congress, and I will propose legislation to do so." 11 Weekly Compilation of Presidential Documents, No. 2, Jan. 13, 1975, p. 20.

tion of the conflict by Pub. L. 93–647, we have no occasion to prepare an extended opinion.

*Affirmed.*

THE CHIEF JUSTICE, MR. JUSTICE POWELL, and MR. JUSTICE REHNQUIST dissent.