**Barbara RUSH, Individually and on behalf of her minor child Roberto Boyce, and on behalf of all others similarly situated, Plaintiffs,**

**v.**

**J. Henry SMITH, Individually and as Commissioner of the New York City Department of Social Services, and Carmen Shang, Individually and as Acting Commissioner of the New York State Department of Social Services, Defendants.**

No. 77 Civ. 4144.

United States District Court,
S. D. New York.

Sept. 12, 1977.

John E. Kirklin, Director of Litigation, Constance P. Carden, The Legal Aid Society, Civil Appeals and Law Reform Unit, New York City, for plaintiffs; Joan Mangones, David Goldfarb, Marshall Green, The Legal Aid Society, Staten Island Neighborhood Office, Staten Island, N. Y., of counsel.

W. Bernard Richland, Corp. Counsel of the City of New York, New York City, for defendants; Edward J. Schwarz, New York City, of counsel.

## MEMORANDUM

STEWART, District Judge:

Plaintiff, a recipient of public assistance benefits under the Aid to Dependent Children Program ("AFDC"), of the Social Security Act, 42 U.S.C. § 601 *et seq.* ("SSA"), brought this action pursuant to 42 U.S.C. § 1983 for declaratory and injunctive relief. Plaintiff is challenging the validity of New York City Income Maintenance Procedure 78–76 which authorizes the termination of public assistance benefits to recipients who fail to report for interviews at the Office of the Inspector General of the Human Resources Administration ("OIG"). The interviews are set up for the purpose of investigating fraudulent receipt of public assistance.

Plaintiff has brought this action on behalf of herself and on behalf of all other persons similarly situated. Plaintiff, however, has failed to satisfy the requisite numerosity requirement of Rule 23(a)(1). Even if plaintiff had been able to satisfy this requirement, certification is ". . . unnecessary and would not provide a superior method of adjudicating the issues since retroactive monetary relief cannot be awarded under the facts of this case . . . and since it is clear that the prospective effects of declaratory and injunctive relief will inure to the benefit of all the requested class members." *Davis v. Smith*, 431 F.Supp. 1206 (S.D.N.Y.1977); *Galvan v. Levine*, 490 F.2d 1255 (2d Cir. 1973) *cert. denied*, 417 U.S. 936, 94 S.Ct. 2652, 41 L.Ed.2d 240; *McGraw v. Berger*, 410 F.Supp. 1042, 1045 (S.D.N.Y.) *aff'd* 537 F.2d 719 (2d Cir. 1976); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Accordingly, the Court declines to certify this action as a class action under Rule 23.

In March, 1977, defendant New York City Department of Social Services suspected plaintiff of having cashed two checks which she had reported lost, stolen or undelivered, and for which she received and negotiated substitute checks. Defendants, following New York City Income Maintenance Procedure 78–76, sent plaintiff a letter, which reads in pertinent part:

Our records indicate that you have cashed 2 checks since 1974 which you have reported to us as lost, stolen or undelivered. At the time we replaced those checks, you had signed an affidavit stating that you would not cash the missing checks if they came into your possession.

A review of the case must be conducted and if the evidence indicates fraudulent receipt of public assistance, Section 145 of the State Social Services Law requires that the case be referred to the District Attorney. Therefore you must report to the Office of the Inspector General . . at the following address and time . . . .

You are entitled to bring a representative to be present at the interview. . .

Failure to report will result in termination of your public assistance payments.[1] Plaintiff refused to attend the interview, and her attorney wrote a letter to the OIG stating that plaintiff would not attend the interview because it was not connected with the criteria for eligibility. As a result of her failure to appear for the interview, plaintiff's public assistance was discontinued. The decision to terminate plaintiff's public assistance for her failure to appear was affirmed, after a fair hearing, by the State Commissioner of Social Services.

Plaintiff alleges that the regulations requiring interviews and authorizing termination of benefits based on a recipient's failure to appear at such interviews are invalid on both statutory and constitutional grounds. She alleges that the regulations impose conditions on eligibility for AFDC grants which are not authorized by the SSA, and that the required appearance violates a recipient's 5th and 14th Amendment rights. Defendants contend that such conditions are implicitly included in the SSA and that plaintiff's constitutional rights could not have been violated since she never appeared. They also argue that even had she appeared, the procedure followed is constitutional since all that is required of the recipient is that he/she appear; a recipient need not answer any questions. In an affidavit submitted to the Court[2] by Wolfram Tschapka, the Director of the Fraud Control Division of the OIG, the procedure is described as follows:

13. When a welfare recipient does elect to stand mute, the interview is immediately ended and the investigation continued without the use of a personal interview.

14. Under no circumstances are the welfare recipient's benefits terminated because of the welfare recipient's refusal to answer any questions, or even if the welfare recipient has admitted committing fraud.

15. As long as the welfare recipient reports to the Fraud Control Division office, the welfare recipient's benefits are continued.

■ Plaintiff has raised both statutory and constitutional claims in attacking the regulation. Since the Court should avoid deciding a case on constitutional grounds where there exists an adequate statutory basis for a decision, the Court will first consider plaintiff's statutory claim. The Court must determine whether New York City Income Maintenance Procedure 78–76 imposes a condition on eligibility for Aid to Dependent Children which is not authorized by the SSA, and more particularly by 42 U.S.C. § 602.

Plaintiff contends that need and dependency are the only criteria for eligibility authorized by the SSA. Defendants dispute this contention, and point to several other conditions of eligibility provided for in the Act, such as registration for the WIN program (42 U.S.C. § 602(a)(19)), furnishing of Social Security numbers (42 U.S.C. § 602(a)(25)), assignment of support rights (42 U.S.C. § 602(a)(26)(A)), and cooperation with the State in establishing paternity and obtaining support payments (42 U.S.C. § 602(a)(26)(B)(i) and (ii)). While the Act

---

1. Defendants contend that they are required to conduct investigations of fraud pursuant to New York Social Services Law § 145, 18 NYCRR § 348.2, and 45 C.F.R. § 235.110. Plaintiffs do not dispute that defendants are required to investigate and prosecute fraud. However, they challenge the validity of regulations which authorize termination of benefits to recipients who simply fail to report to an interview investigating the fraudulent receipt of public assistance.

2. Since the Court is deciding the case on the statutory claim, see *infra*, and since there are no material factual issues in dispute as to this claim, the Court is treating the papers submitted on the preliminary injunction as a motion for summary judgment, and thus deciding the case on the merits at this time. The Court discussed this with the parties at the hearing held on August 29, 1977 and plaintiffs were willing to accept the affidavits submitted by defendants as true for purposes of deciding the statutory claim (which does not require a factual finding on what actually happens at the interview, only a finding as to the fact that people who do not appear have their benefits terminated, a fact which neither party disputes).

may provide for certain other conditions of eligibility,[3] nowhere does it provide that as a condition of eligibility a recipient must appear for a fraud interview or risk termination of benefits. This is an additional condition which has been added by the State. The courts consistently have held that a state cannot impose an additional condition of eligibility not required by the Social Security Act.

> . . . in the absence of congressional authorization for the exclusion clearly evidenced from the Social Security Act or its legislative history, a state eligibility standard that excludes persons eligible for assistance under federal AFDC standards violates the Social Security Act and is therefore invalid under the Supremacy Clause. We recognize that HEW regulations seem to imply that States may to some extent vary eligibility requirements from federal standards. However, the principle that accords substantial weight to interpretation of a statute by the department entrusted with its administration is inapplicable insofar as those regulations are inconsistent with the requirement of § 402(a)(10) [42 U.S.C. § 602(a)(10)] that aid be furnished 'to *all eligible* individuals'. *King v. Smith*, 392 U.S. 309 [88 S.Ct. 2128, 20 L.Ed.2d 1118], cited in *Townsend v. Swank*, 404 U.S. 282, 286, 92 S.Ct. 502, 505, 30 L.Ed.2d 448 (1971).

*Doe v. Shapiro*, 302 F.Supp. 761, 764 (D.Conn.1969), *appeal dismissed*, 396 U.S. 488, 90 S.Ct. 641, 24 L.Ed.2d 677 (1970); *Shirley v. Lavine*, 365 F.Supp. 818 (N.D.N. Y.1973), *aff'd sub nom. Lascaris v. Shirley*, 420 U.S. 730, 95 S.Ct. 1190, 43 L.Ed.2d 583 (1975); *Doe v. Lavine*, 347 F.Supp. 357 (S.D. N.Y.1972); *Doe v. Swank*, 332 F.Supp. 61 (N.D.Ill.), *aff'd sub nom. Weaver v. Doe*, 404 U.S. 987, 92 S.Ct. 537, 30 L.Ed.2d 539 (1971).

Defendants argue that although the federal statute does not contain a specific provision making cooperation with a fraud investigation a condition of eligibility, the SSA implicitly provides for conditions such as the one contained in Regulation 78–76. Defendants base this contention on an interpretation of a 1975 amendment to the SSA.

Between 1969–1973, several courts struck down state regulations which imposed as a condition of eligibility a requirement that recipients of public assistance cooperate with the State in establishing paternity and in obtaining support payments from other sources. The courts found that the state regulations added a condition of eligibility not intended in the SSA. *Doe v. Shapiro, supra; Doe v. Swank, supra; Doe v. Lavine, supra.* In 1975 Congress amended 42 U.S.C. § 602 to add a provision which imposed as a condition of eligibility a requirement that recipients cooperate with the State in establishing paternity and in obtaining support payments from other sources, 42 U.S.C. § 602(a)(26)(B). Defendants contend that by enacting the amendment Congress has ". . . expressly affirmed its intention to allow states great freedom in imposing conditions of eligibility . . . ."[4] The Court disagrees. The amendment provides for another *specific* condition of eligibility. The particularity of the amendment hardly suggests that Congress intended to allow states to impose conditions of eligibility not specifically stated in the statute, especially a condition such as that in question here which is unrelated to need or dependency. We find that in enacting the amendment Congress did not intend to expand the states' power to add additional conditions of eligibility.

Defendants also rely on the general language of 42 U.S.C. § 602(b) to support their claim that the states have great freedom in imposing additional conditions on eligibility.

---

**3.** Although the additional conditions to which defendants point do have some rational relation to a determination of need and dependency, the fraud regulation is not so related. See *Wyman v. James*, 400 U.S. 309, 323, 91 S.Ct. 381, 27 L.Ed.2d 408 (1971).

**4.** Defendant Shang's Memorandum in Opposition to Plaintiffs' Application for Classwide Preliminary Injunction and Class Certification at 12.

Section 602(b) was not amended in 1975, and none of the previous court decisions have found it sufficient to support an additional condition of eligibility not specifically mentioned in § 602(a).

Thus we conclude that the only eligibility requirements which a state may impose on recipients of public assistance are those specifically authorized in 42 U.S.C. § 602(a). Nowhere in that Act does it appear that Congress intended to leave a needy child without any means of subsistence if the parent refused to appear for an interview with a state agency investigating fraudulent receipt of public assistance. Accordingly, the Court finds that New York City Income Maintenance Procedure 78–76 is not in accordance with the SSA and is therefore invalid.[5] Because of this finding, the Court need not reach the question of the constitutionality of the proceedings.

In light of these conclusions we grant plaintiffs' request for injunctive relief.

This memorandum opinion constitutes the Court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure.

Settle order on notice within 10 days.

SO ORDERED.

---

**5.** The City defendant has argued to the Court that if the Court finds the regulation invalid, ". . . the defendants' ability to ferret out fraud in its public welfare system is going to be severely hampered . . . one of the defendants' key methods of deterring and identifying fraud . . . will be lost . . . ." (Defendants' [City] Memorandum of Law Against Plaintiffs' Motion for a Preliminary Injunction and Class Action, at 7–8.) By its ruling the Court is not implying that the defendants may not continue to investigate fraud, or even that defendants cannot write letters and request that recipients come in for interviews, but is holding only that benefits cannot be terminated on their failure to do so.

Since the affidavits submitted by defendants indicate that under the present system the recipients can elect to stand mute (at which time the interview is ended, the investigation is continued without the use of a personal interview, and the recipient's benefits are continued, see p. 578, *supra*, our ruling should have no effect on the City's ability to continue to investigate fraud and refer suspected cases to the District Attorney.