Jane DOE, Individually and on behalf of all others similarly situated, Plaintiff,

v.

George E. PICKETT, M.D., MPH, Director of the West Virginia Department of Health; William Neale, M.D., Director of the Cabell-Huntington Health Center; and Ellen Richardson, Defendants.

Civ. A. No. 79–3222–H.

United States District Court, S. D. West Virginia, Huntington Division.

Nov. 30, 1979.

Daniel F. Hedges, Charleston, W. Va., for plaintiff.

Chauncey H. Browning, Atty. Gen. of W. Va., Gregory W. Bailey, Asst. Atty. Gen. of W. Va., Charleston, W. Va., for defendants.

## MEMORANDUM ORDER

HADEN, District Judge.

This is an action against certain medical care providers and the state agency for their policy of denying birth control and family planning services, including information, contraceptive supplies, medical examination, physical consultation, prescriptions, counseling, and referral for medical procedures to persons under the age of eighteen years who do not have their parental consent. The plaintiff challenged this practice as violative of Title X of the Public Health Service Act, 42 U.S.C. § 300, Titles IV, XIX and XX of the Social Security Act, 42 U.S.C. § 601 et seq., 42 U.S.C. § 1396a et seq., and 42 U.S.C. § 1397 et seq., as well as the First and Ninth Amendments of the United States Constitution.

■ The jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. § 1343. There is no significant question of substantiality of the constitutional questions raised by the plaintiff. Moreover, jurisdiction is properly invoked pursuant to 28 U.S.C. § 1331 in that the interest of the named plaintiff in her own health is sufficient to satisfy the requirement relative to jurisdictional amount. At the time of the filing of this action, the plaintiff moved that her true identity not be revealed and that she be permitted to maintain this action under the assigned name of "Jane Doe", which motion was granted by the Court.

■ First, the Court declines to certify a class composed of all individuals under the age of eighteen in the State of West Virginia who seek family planning services. Neither the pleadings, stipulation of facts nor the representations of counsel sufficiently establish that the policy of the West Virginia State Department of Health, with respect to family planning services to minors uniformly results in the denial of such services. Furthermore, the Court recognizes that members of a class of minors of a child bearing age vary in maturity and their ability to make informed decisions.

The facts in this proceeding are not in dispute. Plaintiff is a sixteen-year-old female who, on the 23rd day of May, 1979, went to the Cabell-Huntington Health Center in Huntington, West Virginia, requesting certain birth control information and family planning services, and was so denied on the basis that she was under the age of eighteen years and did not have written parental consent. Said health center from which the plaintiff sought services had a policy of refusing to provide any family planning services, including information, contraceptive supplies, medical examination, physician consultation, prescriptions, counseling, referrals for pregnancy termination or other medical procedures, to any person under the age of eighteen years who did not have parental consent. Such denials are pursuant to a policy articulated in an informal opinion letter from the Office of the West Virginia Attorney General and adopted by the State Department of Health. Said policy has the effect of denying family planning services to minors lacking parental consent unless the child is emancipated. The State asserts that this has been pursued in order to avoid the possibility of civil liability of health care providers providing such services without parental notice and consent.

The plaintiff contends such denial of family planning services is in contravention of

Title X of the Public Health Service Act and Titles IV, XIX and XX of the Social Security Act, and the plaintiff's First, Ninth and Fourteenth Amendment rights. The defendants argue that common law tort principles prohibit the provision of such services without parental consent, that the statutory and implementing regulatory rights were not violated, and that the First, Ninth and Fourteenth Amendments rights of the plaintiff do not extend to family planning services.

The Court concludes that the policy of the West Virginia Department of Health as applied by the Cabell-Huntington Health Center not to extend family planning services to the plaintiff is contrary to the federal statutes and implementing regulations alleged by the plaintiff. It is elementary that the states are not, unless otherwise indicated by the applicable federal legislation, empowered to add additional eligibility requirements to federally funded programs for the provision of services and benefits, e. g., *King v. Smith,* 392 U.S. 309, 88 S.Ct. 2128, 20 L.Ed.2d 1118 (1968); *Townsend v. Swank,* 404 U.S. 282, 92 S.Ct. 502, 30 L.Ed.2d 448 (1971); *Carleson v. Remillard,* 406 U.S. 598, 92 S.Ct. 1932, 32 L.Ed.2d 352 (1972); *Lascaris v. Shirley,* 420 U.S. 730, 95 S.Ct. 1190, 43 L.Ed.2d 583 (1975). The State, in requiring parental consent with respect to the expenditure of monies under these federal programs, is imposing additional eligibility requirements not contemplated or articulated in the statutory or regulatory framework of such programs.

Defendant's policy is most clearly in contravention of the rights afforded plaintiff under Title X of the Public Health Service Act, 42 U.S.C. § 300, *et seq.* The Act and implementing regulations provide for a comprehensive program of family planning services to *all persons* desiring such services and a requirement of parental involvement inhibits the fulfillment of this goal. The congressional purpose behind Title X of the Public Health Service Act was to make "comprehensive voluntary family planning services readily available to *all* persons desiring such services." *Congressional Declaration of Purpose,* Pub.L. 91–572 § 2(1); Hist. Note, 42 U.S.C. § 300; "to enable public and nonprofit private entities to plan and develop comprehensive programs of family planning services." *Decl. of Purpose, supra,* at § 2(4); and "to develop and make readily available information (including educational materials) on family planning and population growth to all persons desiring such information." *Decl. of Purpose, supra,* at § 2(5).

Title X regulations require that projects receiving such funding must provide, among other things, all appropriate medical services,[1] social services, including counseling and referral,[2] information relative to the effective usage of contraceptive devices and practices,[3] and make all appropriate referral arrangements.[4] This language indicates that both Congress and DHEW intended projects receiving Title X grants to provide complete and appropriate family planning services and referrals. The program guidelines for Title X projects clarify the comprehensive nature of such services.[5] The implementing regulations further make it clear that such family planning services are to be made available without regard to discrimination based upon

---

1. 42 C.F.R. § 49.5(d).

2. 42 C.F.R. § 49.5(e).

3. 42 C.F.R. § 49.5(f).

4. 42 C.F.R. § 59.5(i).

5. "[M]edical services in relation to family planning . . . should be part of a comprehensive medical care plan where patients served by a family planning project may receive education, advice, and referral for the screening, detection, prevention or treatment of a variety

of conditions with the objective of achieving and maintaining a state of good health, particularly with regard to reproduction. *All patients desiring family planning advice or techniques should be given information, methods, or medication consistent with sound medical judgment and compatible with the personal convictions of the patient." The Program Guidelines for Project Grants for Family Planning Services,* U.S. Dept. of HEW Public Health Service, 1 (Jan. 1976) (emphasis added).

age. 42 C.F.R. § 59.6(a)(2). The requirement of parental consent as a condition to the provision of these family planning services to a minor clearly thwarts the Act's comprehensive goals as well as the proscription of age discrimination. Minors have a very significant interest in access to family planning information and professional judgment in order that they can make informed decisions with respect to their lives. With the rising incidence of medical problems such as venereal disease, pregnancy and drug abuse, often the result of behavior at odds with parental wishes, access to counseling, medical advice and other family planning services without parental involvement is essential if the purposes of the family planning title of the Public Health Service Act are to be achieved.

Likewise, the Social Security Act and implementing regulations proscribe a requirement of notice to or consent of parents as a condition of the provision of family planning services. The Social Security Act requires participating states to provide family planning:

> for the development of a program, for each appropriate relative and dependent child receiving aid under the plan . . for preventing or reducing the incidence of births out of wedlock and otherwise strengthening family life, and for implementing such program by assuring that in all appropriate cases (including minors who can be considered to be sexually active) family planning services are offered to them and are provided promptly . . . to all individuals voluntarily requesting such services.

42 U.S.C. § 602(a)(15).

Family planning services must be made available to:

> those individuals wishing such services, specifically including medical contraceptive services (diagnosis, treatment, supplies, and followup) . . . *Such services must be available without regard to marital status, age, or parenthood.* Individuals must be assured choice of method and there must be arrangements with

varied medical resources so that individuals can be assured choice of source of service . . .

45 C.F.R. § 220.21 (emphasis added).

Moreover, for all eligible women under twenty-one, the Social Security Act mandates a comprehensive program of Early and Periodic Screening, Diagnosis and Treatment (EPSDT). This program imposes on the states an affirmative obligation to see that minors actually receive necessary treatment and medical services. See 42 U.S.C. § 603(g), Medical Assistance Manual, Part 5, Section 5–70–00 (MSA–PRG 21) (1973). Any parental consent requirement severely undercuts the goal of EPSDT. A parental consent requirement for a minor to receive family planning services, therefore, conflicts with Title IV A as well as the EPSDT mandate.

Defendant's policy is also in conflict with Title XIX. The opening section of the Medicaid portion of the Social Security Act authorizes an appropriation and sets forth the general statement of purpose:

> For the purpose of enabling each state, as far as practicable under the conditions in such State, to furnish (1) medical assistance on behalf of families with dependent children and of aged, blind, or disabled individuals, whose income and resources are insufficient to meet the costs of necessary medical services, and (2) rehabilitation . . . there is hereby authorized to be appropriated . . .

42 U.S.C. § 1396.

While Title XIX contemplates some flexibility in each state's program, Section 1396a requires that each state plan for medical assistance must provide services in five categories for the categorically needy, including AFDC recipients. The categories enumerated in § 1396d(a) are: (1) inpatient hospital services, (2) outpatient hospital services, (3) other laboratory and x-ray services, (4) skilled nursing facilities, screening and treatment for persons under the age of twenty-one and *family planning services and supplies,* and (5) physicians'

services.[6] Title XIX further requires that state Medicaid plans establish "reasonable standards . . . for determining . . the extent of medical assistance under the plan which . . . are consistent with the objectives of [Title XIX]," 42 U.S.C. § 1396a(a)(17).

The 1972 amendments to Title XIX likewise limit the authority of a state or provider to impose eligibility conditions for family planning assistance. 42 U.S.C. § 1396a(a)(8) requires participating states to provide "medical assistance" to all "eligible individuals." The term "medical assistance" is defined to include:

> family planning services and supplies furnished . . . to individuals of childbearing age (including minors who can be considered to be sexually active) who are eligible under the State plan and who desire such services and supplies . .

42 U.S.C. § 1396d(a)(4)(C).

The eligibility standards are statutorily defined and mandate that the state make the medical services available to all recipients of various Social Security Act assistance programs including AFDC under Title IV A of the Act. 42 U.S.C. § 1396a(a)(10) further mandates that states provide family planning services, as defined by Section 1396d(a)(4)(C) set out above.

The regulations promulgated by the Department of Health, Education and Welfare pursuant to Title XIX require, as to family planning and all other services, that "each service must be sufficient in amount, duration, and scope to reasonably achieve its purpose." 42 C.F.R. § 440.230(b). Moreover, "the Medicaid agency may not deny or reduce the amount, duration, or scope of a required service under §§ 440.210 (for the categorically needy) and 440.220 (for the medically needy) to an otherwise eligible

recipient solely because of the diagnosis, type of illness or condition." 42 C.F.R. § 440.120(c)(1). The denial of family planning services to plaintiff due to the absence of parental involvement clearly violates this Section.[7] This Court adopts the reasoning of the District Court in the case of *T. H. v. Jones,* 425 F.Supp. 873 (D.Utah 1975), *aff'd. in part,* 425 U.S. 986, 96 S.Ct. 2195, 48 L.Ed.2d 811 (1976), insofar as it ruled that parental consent requirement as a condition for family planning services contravenes the Social Security Act and implementing regulations.

Likewise, federal regulations promulgated under Title XX provide that family planning services shall be provided without regard to income, 45 C.F.R. § 228.63(a). Mandatory family planning services shall include:

> counseling, educational and medical services (including diagnosis, treatment and continuing supervision, necessary laboratory examinations and tests, drugs, supplies, devices and related counseling furnished, prescribed by, or under the supervision of, a physician) to enable individuals (including minors) voluntarily to limit their family size [and] to space their children. 45 C.F.R. § 228.63(b).

Moreover, federal financial participation is available

> for information about services provided under Title XX and related service programs, brief assessment (but not diagnosis and evaluation) to facilitate appropriate referral, and referral to and follow-up with those community resources which provide or make available such services. 45 C.F.R. § 228.64.

To permit a requirement of parental involvement would superimpose an additional state requirement over and above the re-

---

**6.** States are given greater choice in determining some of the services that it provides to the "medically needy," 42 U.S.C. § 1396a(a)(13)(C).

**7.** The 1974 amendments to the Social Security Act, 42 U.S.C. § 1396a(a)(1), consolidated the social service program provisions scattered throughout the Act and continued and strengthened the emphasis on family planning

services. States which fail to provide family planning services to all AFDC recipients who request them incur severe penalties; such states are subject to a one percent reduction in the general AFDC meeting rate 42 U.S.C. § 603(f) and federal funding participation to the State for its AFDC program is jeopardized. 45 C.F.R. § 228.26(c).

quirements of the Title XX program and thereby defeat the purposes of the federal Act and implementing regulations.

█ States and other grantees of funds under Title X of the Public Health Service Act, and Titles IV, XIX and XX of the Social Security Act cannot impose a requirement of parental involvement as a precondition to the provision of family planning services to minors. The State's argument that the physicians' clinics and other grantees of funds under these Acts have the right to refuse these services absent parental consent or notice is without merit. The reluctance of a physician or other service provider is misplaced. There can be no imposition of common law tort liability in the situation where services are mandated by federal statute and implementing regulation, and especially when the relationship between a physician and a minor patient is protected as a constitutional privacy right. *E. g., Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Planned Parenthood of Central Missouri v. Danforth,* 428 U.S. 52, 96 S.Ct. 2831, 49 L.Ed.2d 788 (1976). Even without protections afforded by the regulatory and constitutional rights involved, it would be unthinkable that any court within this State would impose liability under any circumstances pertinent to this case for the rendering of informed, well-trained medical care and family planning services.

Having concluded that the requirement of parental notice and consent as a condition to the provision of family planning services contravenes the statutory and regulatory grounds alleged by the plaintiff, the Court finds it unnecessary to reach the right of privacy and First Amendment grounds raised. The Court notes, however, that it does not see such a policy as promoting any justifiable state interest. The State has not asserted an interest which would warrant parental involvement which would interfere with the provision of contraceptive information, supplies, physician consultation, examination, counseling, or referral for appropriate medical procedure. It seems clear that such a requirement would hinder the early provision of these services.

Thereupon, this Court enters a judgment pursuant to 28 U.S.C. §§ 2201–2202 declaring that grantees under Title X of the Public Health Service Act and Titles IV, XIX and XX of the Social Security Act cannot impose the requirement of parental notice or consent as a condition to the provision of family planning services.

All matters in this case having been concluded, the Court ORDERS that this case be DISMISSED from the docket.